THE STATE OF OHIO, APPELLEE, v.
DAVIS, APPELLANT.

(No. C-830431—Decided
March 14, 1984.)

*Mr. Arthur M. Ney, Jr.*, prosecuting attorney, and *Mr. Stephen P. Calardo*, for appellee.

*Mr. Richard L. Bell*, for appellant.

BLACK, J. Appellant, Henry Davis, seeks a reversal of his conviction of carrying a concealed weapon in violation of R.C. 2923.12.[1] He asserts two assignments of error: that the judgment was against the manifest weight of the evidence, and that the trial court erred in not giving a jury instruction on the affirmative defense that he requested. Under the circumstances disclosed by the record, we hold that the weapon was concealed and not in plain sight.

Officer Nazzarine stopped appellant's pickup truck for faulty tail lights. He then noticed that the rear license plate was missing. The three men in the truck exited, and after some discussion about who was driving, Nazzarine ran a radio check on them. Being informed to approach the men with caution, he conducted a pat down search of all three. Appellant told him that he had a shotgun under the front seat of the pickup. The officer found the shotgun; it could be seen under the seat only when the door was open and the officer was standing "inside the door," which we interpret to mean "inside the arc of the open door." Appellant was arrested and later convicted for carrying a concealed weapon.

In his first assignment of error appellant contends that his conviction was against the manifest weight of the evidence, claiming that the shotgun was neither ready at hand nor concealed. In his argument that the gun was not ready at hand, appellant points to the facts that he was out of the truck when the gun was found and that the shotgun was unloaded and in a "broken" position. Although the gun was unloaded, shotgun shells were found in appellant's pockets, and he had been observed riding on the seat under which the gun was placed. We find no merit in appellant's argument that the weapon was not ready at hand. *State* v. *Singleton* (Dec. 8, 1982), Hamilton App. No. C-820014, unreported; *State* v. *Mitchell* (Dec. 7, 1977), Hamilton App. No. C-76836, unreported.

Appellant's argument that the shotgun was not concealed is also without merit. The test for determining "concealment" is set forth in *State* v. *Pettit* (1969), 20 Ohio App. 2d 170, 173-174 [49 O.O.2d 200]:

"* * * [A] weapon is concealed if it is so situated as not to be discernible by ordinary observation by those near enough to see it if it were not concealed, who

---

[1] R.C. 2923.12 reads in pertinent part:

"(A) No person shall knowingly carry or have, concealed on his person or concealed ready at hand, any deadly weapon or dangerous ordnance."

would come into contact with the possessor in the usual associations of life; but that absolute invisibility is not required, since ordinary observation does not extend to a search unusually careful, thorough or detailed, made because of suspicion that contraband which is not visible by ordinary observation may in actuality be present." In accord *State* v. *Youngblood* (Dec. 5, 1979), Hamilton App. No. C-790018, unreported.

In the instant case, the shotgun was under the seat and could only be seen by a person standing "inside the door" when the door was open. It was not against the manifest weight of the evidence, under these circumstances, for the trier of fact to conclude that the shotgun was concealed. *State* v. *Petro* (1947), 148 Ohio St. 473. Appellant's first assignment of error is overruled.

Appellant contends in his second assignment of error that the trial court erred in refusing his request that the jury be instructed on the affirmative defense found in R.C. 2923.12(C)(4) and 2923.16(C)(4).[2] Briefly, this defense is that the accused was transporting a firearm for a lawful purpose, unloaded, in plain sight and with the action open.

The action was open, and the weapon was unloaded, but it was not in plain sight. The court did not err in refusing to give the jury the instruction on the affirmative defense. Appellant's second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PALMER, P.J., and DOAN, J., concur.

---

[2] R.C. 2923.12(C) reads:

"It is an affirmative defense to a charge under this section of carrying or having control of a weapon other than dangerous ordnance, that the actor was not otherwise prohibited by law from having the weapon, and that any of the following apply:

"* * *

"(4) the weapon was being transported in a motor vehicle for any lawful purpose, and was not on the actor's person, and, if the weapon was a firearm, was carried in compliance with the applicable requirements of division (C) of section 2923.16 of the Revised Code."

R.C. 2923.16(C) reads in pertinent part:

"No person shall knowingly transport or have a firearm in a motor vehicle, unless it is unloaded, and is carried in one of the following ways:

"* * *

"(4) In plain sight with the action open or the weapon stripped * * *."