The STATE of Ohio, Appellee,

v.

BOWMAN, Appellant.

[Cite as *State v. Bowman* (1992), 79 Ohio App.3d 407.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–912.

Decided April 23, 1992.

*Michael Miller*, Prosecuting Attorney, and *Joyce S. Anderson*, Assistant Prosecuting Attorney, for appellee.

*George C. Luther Co., L.P.A.*, and *George C. Luther*, for appellant.

STRAUSBAUGH, Judge.

This matter is before this court upon the appeal of Bryan Bowman, appellant, from the conviction and sentence of the Franklin County Court of Common Pleas, finding him guilty of carrying a concealed weapon in violation of R.C. 2923.12, and sentencing him to an indeterminate term of two to ten years of imprisonment. On appeal, appellant sets forth the following assignments of error:

"1. The trial court erred when it entered a conviction against the defendant for carrying a concealed weapon when, under the facts, the special

statutory provisions of R.C. 2923.16, improper handling of firearms in a motor vehicle, controls and takes precedence.

"2. The trial court erred when it entered a judgment of conviction against the defendant when the evidence was insufficient to support the conviction and when the conviction was against the manifest weight of the evidence presented.

"3. The trial court erred when it sentenced the defendant to an indeterminate sentence."

James Nardelli, a Columbus police officer, testified that on January 24, 1991, at approximately 3:15 a.m., he observed the appellant driving a van in excess of fifty miles per hour, weaving in and out of his lane and left of center. Officer Nardelli smelled alcohol on appellant's breath and asked him to exit the vehicle. As appellant exited the vehicle, Officer Nardelli saw what appeared to be approximately one-half inch of a pipe sticking out from under the skirt of the driver's side van seat. Appellant closed and locked the door. Officer Nardelli placed appellant in his cruiser, had the passenger in the van exit the vehicle and confiscated a gun from underneath the driver's side seat. The gun was an automatic weapon with the slide cocked to the rear. Behind the driver's seat, Officer Nardelli found one loose round, which he confiscated. In the back of the van, up against the bench seat, Officer Nardelli found a magazine with more ammunition in it. The ammunition, present in the clip, fit the gun found under the driver's side seat. On cross-examination, Officer Nardelli testified that he knows that appellant works at the Fresno II bar and that there is frequently a lot of trouble at that establishment. The back bench seat was five to six feet away from the front seats. In order to reach the back bench seat, appellant would have had to step over a two-foot tall cabinet. Officer Nardelli was unable to reach the back couch seat from the front seat; however, he could reach the one round which was lying loose behind the driver's side seat. There were no bullets found on appellant.

Edward Douglas, the owner of the Fresno II bar, testified that appellant had been working for him on a part-time basis. Appellant was responsible for closing the bar up at night and for security. Douglas testified that there had been several incidents at the bar involving guns and that the police had advised him to increase security at the bar. Douglas stated that he knew that appellant carried a gun for protection at the bar and that he had spoken with an attorney concerning how to legally carry a weapon and that he had passed that information on to appellant and the other people who worked security at his bar.

Appellant testified on his own behalf that he was employed at the Fresno II bar on January 24, 1991. He carried a gun in order to protect himself, the

customers and his fellow workers. He had closed the bar that night and was leaving when he was stopped by Officer Nardelli. The van belonged to his mother. Appellant stated that he is six feet six inches tall and that it is difficult for him to climb from the front driver's side seat into the back because of the two-foot stand which holds a television and a VCR. Appellant stated that ordinarily he exited the van through the front door and re-entered the van through the back side door in order to reach the back of the van. Appellant stated that he could not reach the back seat from the front seat, that the gun would not work without the clip in it and that he had been told how to carry a gun.

Officer Nardelli was recalled to the stand as a rebuttal witness for the state. He testified that appellant had told him that he stopped by the bar that night but that he had not been working that night.

 In his first assignment of error, appellant argues that he should not have been charged and convicted of carrying a concealed weapon under R.C. 2923.12, a third-degree felony in this case, because the proper charge would have been improperly handling firearms in a motor vehicle under R.C. 2923.16, a misdemeanor. Appellant argues that under the facts of the present case, the special statutory provisions of R.C. 2923.16 control and take precedence over the less specific statute of R.C. 2923.12.

R.C. 2923.12 provides as follows:

"(A) No person shall knowingly carry or have, concealed on his person or concealed ready at hand, any deadly weapon or dangerous ordnance."

R.C. 2923.16 provides:

"(B) No person shall knowingly transport or have a loaded firearm in a motor vehicle, in such manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."

This court rejected the argument urged by appellant in *State v. Croomes* (June 14, 1984), No. 83AP–208, unreported, 1984 WL 5777. This court stated as follows in *Croomes:*

"This court previously rejected an argument identical to the argument raised by defendant in *State v. Calamari* (Oct. 18, 1977), No. 77AP–346, unreported (1977 Opinions 3628, 3630), wherein we stated:

" 'We, however, reject the proposition that R.C. 2923.12 pertaining to the carrying of concealed weapons does not apply to a motor vehicle case. In a proper case where the elements are proved, it may so apply even though another statute, R.C. 2923.16, also sets forth conditions under which a person may be convicted of improperly handling firearms in a motor vehicle. It [R.C.

2923.16] is a charge of lesser degree and does not require proof of carrying a firearm on the defendant's person or ready at hand.'

"Likewise, the Ohio Supreme Court recently discussed the relationship of R.C. 2923.12 and 2923.16 and did not find it objectionable that the defendant was charged under R.C. 2923.12 rather than under 2923.16 when the offense occurred in a motor vehicle. See *State v. Beasley* (1983), 4 Ohio St.3d 24 [4 OBR 71, 446 N.E.2d 154].

"Furthermore, as a general rule, when a defendant's conduct violates two different sections of the Revised Code, the prosecutor may choose the section under which to prosecute a defendant without violating a defendant's rights or committing reversible error. See *United States v. Batchelder* (1979), 442 U.S. 114, 123–124 [99 S.Ct. 2198, 2203–2204, 60 L.Ed.2d 755, 763]; *State v. Bunch* (June 26, 1980), No. 79AP–645, unreported (1980 Opinions 1917, 1921)." (Footnote omitted.)

Accordingly, appellant's first assignment of error is not well taken and is overruled.

In his second assignment of error, appellant argues that the evidence was insufficient to support the conviction and that the conviction was against the manifest weight of the evidence presented.

■ The test for reviewing a claim of insufficient evidence is found at paragraph two of the syllabus of *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. The Ohio Supreme Court stated as follows:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (*Jackson v. Virginia* [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)"

■ A judgment in a criminal case should be not reversed as being against the manifest weight of the evidence where there is substantial evidence on which the trier of fact could reasonably find that all the elements of the charged offense have been proved beyond a reasonable doubt. *State v. Hardin* (1984), 16 Ohio App.3d 243, 16 OBR 266, 475 N.E.2d 483. The trier of fact has the primary responsibility for determining the credibility of the witnesses and the relative weight to be given to their testimony. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212.

■ The trial court specifically found that the loose round of ammunition behind the driver's seat constituted ammunition which was ready at hand; therefore, the court found appellant guilty of carrying a concealed weapon, a felony of the third degree. Furthermore, the trial court also determined that the magazine which was on the back bench seat was close enough for appellant to reach from the front seat.

Contrary to the trial court's findings, there was no evidence presented at trial that the single round of ammunition which was confiscated from behind the driver's side seat would fit the gun which was confiscated from the van. Without evidence being presented that the round taken from the floor would fit the weapon confiscated, the trial court improperly found that that piece of ammunition made the weapon ready at hand. Furthermore, both Officer Nardelli and appellant testified that they could not reach the back bench seat from the front driver's seat. Appellant testified that, because of his stature and the fact that there was a two-foot console over which he would have to step, it was necessary for him to exit the van by the front driver's side door and to re-enter the van by way of the side door in order to reach the back seat. The evidence presented regarding the ammunition was insufficient to sustain the conviction of carrying a concealed weapon as a third-degree felony.

Appellant also argues that the evidence presented did not establish the element of concealment. Appellant maintains that he made no effort to conceal the gun but that he merely placed it on the floor of the van. The fact that Officer Nardelli saw the barrel negates the finding that the gun was concealed.

Officer Nardelli saw what he described as a piece of pipe sticking out from underneath the driver's side seat. He was unable to see the pipe until after appellant had exited the van and he was unsure whether it was a gun.

■ In order to support a conviction of carrying a concealed weapon, it is not necessary to prove that the weapon was carried in such a manner or in such a location as to give absolutely no notice of its presence under any kind of ordinary observation; rather, it is sufficient to prove only that ordinary observation would give no notice of its presence. See *State v. Pettit* (1969), 20 Ohio App.2d 170, 174, 49 O.O.2d 200, 202, 252 N.E.2d 325, 328; *State v. Davis* (1984), 15 Ohio App.3d 64, 15 OBR 93, 472 N.E.2d 751; and *State v. Coker* (1984), 15 Ohio App.3d 97, 15 OBR 127, 472 N.E.2d 747. In the present case, the evidence established that the gun was underneath the driver's side seat of a van; that the van seat had a skirt which nearly reached the floor; that the time of day was 3:15 a.m., and it was still dark; and that the gun was indiscernible to Officer Nardelli until after appellant had exited the vehicle.

From these facts, the trial court could conclude that the gun was not discernible by ordinary observation and was thus concealed.

Accordingly, appellant's second assignment of error is well taken and is sustained as it relates to the ammunition but is overruled as it relates to the element of concealment.

In his third assignment of error, appellant argues that the trial court erred when it sentenced appellant to an indeterminate sentence. Division (D) of R.C. 2923.12 provides as follows:

"Whoever violates this section is guilty of carrying concealed weapons, a misdemeanor of the first degree. If the offender previously has been convicted of a violation of this section or of any offense of violence, * * * if the weapon involved is a firearm which is either loaded or for which the offender has ammunition ready at hand, * * * then carrying concealed weapons is a felony of the third degree. * * *"

In light of this court's determination of appellant's second assignment of error, appellant is guilty of carrying a concealed weapon, a misdemeanor of the first degree. Therefore, this matter must be remanded to the trial court for proper sentencing.

Accordingly, appellant's third assignment of error is sustained as indicated.

Based on the foregoing, appellant's first assignment of error is overruled, appellant's second assignment of error is sustained in part and overruled in part, and his third assignment of error is sustained. The judgment of conviction in this cause is reversed and this matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed*

*and cause remanded.*

PETREE and TYACK, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.