JOURNAL ENTRY AND OPINION
Appellant Rahshiim Brantley appeals the decision of the trial court convicting him of carrying a concealed weapon and sentencing him accordingly. Brantley assigns the following two errors for our review:
 I. RASHIIM (sic) BRANTLEY HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY HIS CONVICTION FOR CARRYING A CONCEALED WEAPON, AS THE EVIDENCE ESTABLISHED THAT HE WAS GUILTY ONLY OF THE INFERIOR AND MORE SPECIFIC CRIME OF IMPROPERLY HANDLING A FIREARM IN A MOTOR VEHICLE.
 II. RASHIIM (sic) BRANTLEY HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY HIS SENTENCE OF ONE YEAR IN PRISON, WHICH WAS IN VIOLATION OF OHIO'S NEW SENTENCING SCHEME.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On November 23, 1997 at approximately 7:30 p.m., two armed men wearing ski masks robbed Raied Shahim while he worked alone in the Parkwood Drive-Thru grocery store. During the robbery, the mask worn by the man with the .38 caliber revolver slipped down exposing his forehead, eyes, and nose. Shahim recognized the man as appellant Rahshiim Brantley, a regular customer in his store.
Two days after the robbery, Shahim learned that Brantley had been spotted sitting in a yellow Ford Fairmount not far from the store. Shahim flagged down a police car and told officer Steven McGraw where to find Brantley. McGraw spotted the car, activated his lights, and turned to follow the car. The car turned into a gas station across the street from the Parkwood Drive-Thru and stopped.
Officer McGraw approached the car and noted three males inside. Officer McGraw observed Jamal Bland in the driver's seat, Jesse Jacobs in the front passenger seat, and Brantley in the rear seat on the driver's side of the car. As McGraw removed Jacobs from the car, Bland spotted Brantley reach into his waist area, remove a gun, and place it on the rear driver's side floorboard. Bland said to Brantley, "Get your stuff up off my floor," but Brantley did not answer.
Thereafter, Bland got out of the car, raised his hands in the air, and told Officer McGraw about the gun and its location. Officer McGraw patted down the clothing of the three men, then placed them in the back of a zone car. When he searched the interior of the car, he found a .22 caliber automatic weapon on the rear driver's side floorboard. The gun was loaded with three bullets. He also located a camouflage-colored ski mask.
As the three men sat in the zone car, Shahim came over to the car and identified Brantley as one of the men who robbed him. He also told the officer that the gun and ski mask found in the car were not the ones used during the robbery. McGraw arrested Brantley. While at the booking window, the police officers collected and inventoried his personal property. During this process, the police officers discovered that Brantley had attached to his waist under his coat a small gun holster.
Appellee State of Ohio charged Brantley with aggravated robbery and carrying a concealed weapon. At trial, the victim identified Brantley as one of the participants in the robbery and admitted that the gun seized from the Ford Fairmount was not the gun used in the robbery. Detective Joseph Williams testified to the operability of the gun seized, which he had test fired. He also testified that the gun fit into the holster found on Brantley. Bland testified that he saw Brantley take the gun from his waist and place it on the floor board on the Ford Fairmount. Bland added that he had not seen the gun until Brantley removed it from his waist and placed it on the floor of his car.
The jury found Brantley not guilty of aggravated robbery but convicted him for carrying a concealed weapon. At the urging of the defense, the trial court ordered a presentence investigation, which revealed that, aside from a disorderly conduct adjudication while he was a juvenile, Brantley had no prior criminal record. Brantley's trial counsel argued that Brantley should be sentenced to community control sanctions. The court refused his request and sentenced Brantley to one year in prison.[1] The court made the following comments on the record:
 Now, the Court is going to take into consideration all the factors in 2929.12,.14 and all the related statutes, including your lack of prior history. I don't consider a disorderly conduct a prior history. Even if it was, it wouldn't make any difference in the sentence. The court has analyzed the case, and I see that the carrying concealed weapon is a very serious offense. It is an offense against the peace in our community. * * * I am going to send you to prison. I am not going to give you community sanction. Because to place you on community sanction would demean the seriousness of the offense. The Court sees recidivism is likely, and more than likely if you were placed on probation.
(Tr. 427-428.) This appeal followed.
In his first assignment of error, Brantley argues the facts of his case at best indicated the crime of improper handling of a firearm not carrying a concealed weapon. R.C. 2923.12 (carrying concealed weapons) provides that no person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance. R.C. 2923.16(B) (Improperly handling firearms in a motor vehicle) provides that no person shall knowingly transport or have a loaded firearm in a motor vehicle, in such manner that the firearm is accessible to the operator or any passenger without leaving the vehicle. An offender may be properly charged under R.C. 2923.12 rather than under R.C. 2923.16 when the offense occurred in a motor vehicle.State v. Bowman (1992), 79 Ohio App.3d 407, 411. "[W]hen a defendant's conduct violates two different sections of the Revised Code, the prosecutor may choose the section under which to prosecute a defendant without violating a defendant's rights or committing reversible error." Id. (citations omitted.)
A significant distinction between the two offenses is that a conviction for carrying a concealed weapon requires a finding of concealment, which is not an element of improper handling of firearms in a motor vehicle. State v. Baker (Aug. 18, 1997), Warren App. No. CA96-12-123, unreported. Brantley argues that the state failed to present evidence of concealment because the state presented no evidence that he ever carried the gun in the holster. However, our review of the evidence leads us to a different conclusion.
A weapon is concealed if it is situated so that ordinary observation would give no notice of its presence. State v. Bowman
(1992), 79 Ohio App.3d 407, 412; State v. Coker (1984), 15 Ohio App.3d 97,98. The state presented the testimony of Bland who stated that he saw Brantley reach into the area of his waist and remove a gun. This evidence supports a finding that Brantley had the weapon in the holster. Furthermore, the state presented evidence that Brantley had the holster underneath his clothes and worn next to his body. Officer McGraw testified that he did not see the holster until after he arrested Brantley. Bland testified that he spent the previous night "hanging out" with Brantley. However, he did not see the gun until Brantley removed it from his waist area in an attempt to conceal it in the car.
The state's evidence sufficiently established that Brantley concealed the firearm. Consequently, the jury's verdict of finding Brantley guilty of carrying a concealed weapon is sustained. Brantley's first assignment of error is overruled.
In his second assignment of error, Brantley argues the trial court erroneously sentenced him to a one year term of incarceration upon his conviction for carrying a concealed weapon, a fourth degree felony. R.C. 2929.13(B)(2)(b) provides that if the court does not find that one of the factors listed in R.C. 2929.13(B(1) applies, then the court shall impose a community control sanction or combination of community control sanctions upon the offender. Brantley argues R.C.2929.13(B)(2)(b) creates a disposition against prison terms and in favor of community control sanctions for fourth-degree felonies and since none of the R.C. 2929.13(B)(1) factors apply to his case, he should have been sentenced to community control rather than prison.
This court has specifically rejected the argument that R.C.2929.13(B)(2)(b) creates a statutory presumption in favor of community control instead of prison.
 Although the Sentencing Commission recommended a straight presumption against imprisonment for fourth and fifth degree felonies unless one of the eight enumerated factors increasing the seriousness of the offense existed, the General Assembly was unwilling to accept a straight presumption. Rather, R.C. 2929.13(B) gives general guidance and a "disposition against imprisonment" for fourth and fifth degree felonies.
State v. Davis (Dec. 3, 1998), Cuyahoga App. Nos. 73680, 73681, 73682, unreported, citing State v. Sutherland (Aug. 15, 1997), Greene App. No. 97CA25, unreported. See, also, State v. Jordan
(Nov. 12, 1998), Cuyahoga App. No. 73493, unreported.
We also reject Brantley's argument that he should have been sentenced to the shortest possible term of imprisonment for a fourth degree felony. R.C. 2929.14(B) provides:
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender' a conduct or will not adequately protect the public from future crime by the offender or others.
In this case, the trial court specifically found on the record that sentencing Brantley to probation would minimize the seriousness of his offense and that he would be more likely to reoffend if placed on probation. However, the court did not make any specific findings on the record as to why he did not impose the minimum sentence. The court noted the seriousness of the offense of carrying a concealed weapon as well as the likelihood of recidivism. R.C. 2929.12(A) lists the seriousness of the offense and the likelihood of recidivism as relevant factors for the court's consideration when imposing a sentence for a felony offense. In Jordan, this court stated that a trial court could properly impose incarceration after considering those factors.
Brantley's reliance on State v. Davis (Dec. 3, 1998), Cuyahoga App. Nos. 73680, 73681, and 73682, unreported and State v. Kimmie
(Jul. 2, 1998), Cuyahoga App. No. 72904, unreported is misplaced. In Davis and Kimmie, the trial court imposed the maximum sentence upon the offender without stating its reasons for doing so as required by R.C. 2929.19(B)(2)(d). In the case sub judice, the court did not impose the maximum sentence. The statutory range of imprisonment in this case was between six and eighteen months. The trial court sentenced Brantley within that range. Under the circumstances, we conclude the sentence imposed upon Brantley did not violate Ohio's sentencing statutes. Brantley's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, P.J., and KILBANE, J., CONCUR.
 ___________________________________ PATRICIA ANN BLACKMON JUDGE
[1] We recognize that Brantley's one-year sentence, imposed more than one year ago, has most likely been served. However, because he was convicted of a felony, his appeal is not moot. SeeState v. Melton (Dec. 12, 1996), Cuyahoga App. No. 69956, unreported, State v. Heinback (Aug. 31, 1995), Cuyahoga App. No. 67821, unreported; State v. Golston (1994), 71 Ohio St.3d 224,227 ("[A]n appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal.")