DECISION
At approximately 6:00 p.m., on February 20, 1999, Columbus Police Officers Nathan Place and Steven Redding observed a Chrysler Lebaron fail to signal a right turn from 17th Avenue onto Joyce Avenue. The officers stopped the vehicle. The driver was appellant, Versailles Spinks, and there were three passengers. Officer Place approached appellant and requested a driver's license. Appellant told Officer Place that he had a temporary driver's permit but did not have it with him. Officer Place asked appellant to exit the car and sit in the cruiser while he verified his driver's license. Officer Redding approached the front passenger, Lester Brown, in an attempt to issue a citation for failure to wear a seat belt. Since Brown did not have any identification, Officer Redding asked Brown to step out of the car. During a quick pat-down search, Officer Redding found crack cocaine in Brown's pocket and placed him under arrest. Officer Redding then placed Brown in the police cruiser. While Brown was entering the cruiser, appellant admitted to the police officers that the crack cocaine was his cocaine.
Officer Isaac Bridges testified that he observed Officers Place and Redding initiate a traffic stop. He stopped to see if the officers needed assistance. After appellant and Brown were placed in the cruiser, the other two passengers were removed from the car and placed in Officer Bridges' cruiser. Officers Bridges and Redding then conducted an inventory search of the vehicle and found a blue steel revolver under the driver's seat with the butt of the gun facing the front of the car.
Appellant was charged with one count of carrying a concealed weapon and one count of possession of crack cocaine. Two citations for traffic offenses were also issued. A trial was conducted before a magistrate. At the trial, appellant testified that he had borrowed the car from his neighbor's boyfriend. The gun was in the console between the front seats when he entered the car. Since he wanted to rest his arm on the console while driving, he wedged the gun between his seat and the console because it would not fit under his seat. He then testified that he sold the gun to one of the back seat passengers, Rico Head, for $100. Head gave him $20 and was to pay the rest of the money later. Appellant handed the gun to Head in the back seat before the police officers stopped him. He testified that, at the scene, he told the officers that the gun was not his and it was not under his seat while he was in the car. He testified that he did not conceal the gun under his seat.
The magistrate did not find appellant's testimony credible and found appellant was a delinquent minor having committed the violations of carrying a concealed weapon and possessing crack cocaine. Appellant filed objections which the trial court overruled. Appellant filed a timely notice of appeal and raises the following assignment of error:
 The trial court erred in adjudicating appellant delinquent for the offense of carrying a concealed weapon when the evidence, if believed, was insufficient to convince the average mind of his guilt beyond a reasonable doubt.
By the assignment of error, appellant contends that the evidence was insufficient to sustain a conviction on the charge of carrying a concealed weapon. Appellant does not argue the verdict is against the manifest weight of the evidence. The test for sufficiency of the evidence has been set forth in the second paragraph of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259, as whether, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Determinations of credibility and the weight to be given to the evidence are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230.
To sustain a conviction for carrying a concealed weapon, the state had to prove beyond a reasonable doubt that appellant knowingly carried or had a weapon concealed on his person or concealed ready at hand. R.C. 2923.12. A weapon is concealed if it is situated so that ordinary observation would give no notice of its presence. State v. Bowman (1992), 79 Ohio App.3d 407, 412. "Ready at hand" means within a person's immediate presence and of convenient access. State v. Jones (Apr. 3, 1980), Cuyahoga App. No. 39924, unreported, at 3. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "A defendant's state of mind must be inferred from the totality of the circumstances surrounding the alleged crime." State v. Workman
(1992), 84 Ohio App.3d 534, 536, citing State v. Hardin (1984),16 Ohio App.3d 243, 245.
In this case, appellant contends that the evidence is insufficient because he did not actually or constructively possess the weapon. "In order to prove constructive possession of property, the government must demonstrate that the defendant both knows of the presence of the contraband and has power to exercise dominion and control over it." United States v. Behanna (C.A.9, 1987), 814 F.2d 1318, 1319, citing Williams v. United States
(C.A.9, 1969), 418 F.2d 159, affirmed (1971), 401 U.S. 646.
Appellant testified that he knew the weapon was in the car. Officer Bridges testified that the weapon was not within view because it was fully concealed underneath the driver's seat. He also stated that the weapon was "ready at hand" because the placement of the gun underneath the driver's seat was readily accessible by appellant and that it would only have taken "a split second for him to reach and grab it." (Mar. 2, 1999, Tr. 47.) In viewing the evidence in a light most favorable to the prosecution, we find that the close proximity of the weapon to where appellant was seated, the position of the weapon with the gun facing the front of the car and appellant's admission that he knew the weapon was in the car is sufficient to show that appellant knowingly concealed the weapon.
In State v. Young (Mar. 28, 1995), Franklin App. No. 94APA08-1200, unreported, this court affirmed the conviction of violating R.C. 2923.12, based upon a police officer's testimony that he had found a gun underneath the driver's seat. This court found that testimony that a gun had been concealed underneath the seat of a car is sufficient to support a conviction for carrying a concealed weapon. See Young, at 2, citing State v. Woods (1982),8 Ohio App.3d 56; State v. Perry (May 12, 1994), Cuyahoga App. No. 65455, unreported; State v. Taylor (Feb. 12, 1992), Lorain App. No. 91CA005116, unreported.
Appellant argues that this case is very similar to Statev. Duganitz (1991), 76 Ohio App.3d 363. In Duganitz, the defendant was convicted of carrying a concealed weapon and having a weapon while under a disability. The Cuyahoga County Court of Appeals found the evidence insufficient to sustain a conviction for carrying a concealed weapon because the prosecution did not prove beyond a reasonable doubt that appellant knowingly carried or had a weapon. In Duganitz, the police stopped a vehicle that Duganitz was driving because the license plates were expired. Duganitz exited the vehicle but a front seat passenger remained in the car. After a pat-down search, Duganitz was placed in the cruiser. The officer testified that a police dispatcher was watching the other passenger but the dispatcher did not testify. The officer then returned to the vehicle and saw a blanket covering part of the front seat. Underneath the blanket he found a .38 caliber revolver. Duganitz was arrested but the passenger was released. The court found that, since Duganitz did not own the vehicle and the gun was found in a location between the passenger and the driver and the passenger was left alone for approximately one minute, it was not proven beyond a reasonable doubt that Duganitz had knowingly carried or had the gun.
While Duganitz may have similar facts to this case, the argument is better suited for a determination of whether appellant's delinquency adjudication was against the manifest weight of the evidence. The test for sufficiency requires a determination of whether the prosecution has met its burden of production at trial, whereas a manifest weight challenge questions whether the prosecution met its burden of persuasion. State v.Thompkins (1997), 78 Ohio St.3d 380, 390 (J. Lundberg Stratton concurring.) In this case, the prosecution has met its burden of production because the evidence is sufficient, if viewed in a light most favorable to the prosecution, to convince a rational trier of fact of the essential elements of carrying a concealed weapon beyond a reasonable doubt. Appellant's assignment of error is not well taken.
For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
 _____________________________ PRESIDING JUDGE BOWMAN
BROWN and DESHLER, JJ., concur.