DECISION
{¶ 1} Can a defendant properly be charged with carrying a concealed weapon when his conduct may also constitute the offense of improperly handling firearms in a motor vehicle? We answer yes.
 I. The Indictment and the Dismissal {¶ 2} Defendant-appellee Enoch F. Morgan III was arrested for carrying a concealed weapon ("CCW") after police found a handgun in the passenger compartment of the car that Morgan was driving.
 {¶ 3} Morgan filed two separate motions to dismiss the charge against him. In the first motion, Morgan argued that it was improper to charge him with violating the CCW statute[1]
when his conduct was governed by the statute concerning improper handling of firearms.[2] He argued that specific provisions prevailed over general provisions concerning the same conduct,[3] so the CCW charge was improper. And in Morgan's second motion to dismiss, he argued that the CCW statute was unconstitutional according to our holding in Klein v.Leis.[4]
 {¶ 4} The trial court dismissed the case against Morgan in an entry that stated, "Defendants [sic] motion to dismiss is hereby granted." And the entry of dismissal stated, "On 5-2-03, case #B0303339, Enoch F. Morgan, III was dismissed by the court."
 {¶ 5} In its sole assignment of error, the state now argues that the trial court erred by granting Morgan's motion to dismiss because the Ohio Supreme Court has upheld the constitutionality of the CCW statute.[5] We agree.
 {¶ 6} The Ohio Supreme Court declared R.C. 2923.12
constitutional in Klein v. Leis.[6] The trial court's dismissal of the case against Morgan was therefore inappropriate (now, but appropriate at the time) if it was based on constitutional grounds.
 {¶ 7} But we should not reverse a trial court where it has reached a correct decision, albeit for erroneous reasons.[7] Because the record does not reflect the court's reasons for dismissing the case, we must also address whether the trial court could have properly dismissed the case on Morgan's substantive argument that he should not have been charged with CCW when there was a specific, controlling provision calling for another charged offense.
 II. Irreconcilable Statutes? No, Just Confusing. {¶ 8} If a general provision conflicts with a special provision, they should be construed so that effect is given to both.[8] And if the conflict between the provisions is irreconcilable, the special prevails over the general, unless the latter was adopted later and the manifest intent was that the general provision prevail.[9]
 {¶ 9} Any person who knowingly carries or has any deadly weapon or dangerous ordnance concealed on his person or concealed ready at hand is guilty of CCW.[10] It is also a crime to transport or have a firearm in a motor vehicle, unless it is unloaded and carried (1) in a closed package, box, or case; (2) in a compartment that can be reached only by leaving the vehicle; (3) in plain sight and secured on a gun rack; or (4) in plain sight with the action stripped.[11]
 {¶ 10} Where the same conduct can arguably constitute two allied offenses, the indictment may contain counts for both offenses.[12] But the defendant may be convicted of only one.[13] While this may sometimes confuse both the defendant and the state, it is still the law in Ohio.
 {¶ 11} Morgan now argues that the improper-handling statute specifically covers any conduct that involves having a gun in a motor vehicle, and that the CCW statute is therefore inapplicable. But this is not the first time courts have had to consider this question.
 {¶ 12} In State v. Calamari,[14] the Tenth Appellate District rejected the proposition that R.C. 2923.12 does not apply in a motor-vehicle case, holding that R.C. 2923.16 is simply a lesser offense that does not require proof of carrying a firearm on the defendant's person or ready at hand The court even stated that there may be a situation where both statutes might properly apply. In State v. Mellinger,[15] the Fourth Appellate District affirmed a conviction for CCW where the defendant had a firearm under his driver's seat. The court stated that the defendant's conduct violated both R.C. 2923.12 and2923.16, and that he was properly charged with the more serious offense. And many other cases have allowed the defendant to be convicted for CCW when the conduct involved a firearm in a motor vehicle.[16]
 {¶ 13} Morgan's conduct in this case could have arguably fallen under either R.C. 2923.12 or R.C. 2923.16, so a dismissal of a CCW charge would have been inappropriate.
 {¶ 14} Because no trial court could properly have granted either of Morgan's motions for dismissal, we sustain the state's assignment of error.
 {¶ 15} Accordingly, we reverse the trial court's judgment and remand the cause for further proceedings consistent with this decision.
Judgment reversed and cause remanded.
Hildebrandt, P.J., and Gorman, J., concur.
[1] R.C. 2923.12.
[2] R.C. 2923.16.
[3] See R.C. 1.51.
[4] 146 Ohio App.3d 526, 2002-Ohio-1634, 767 N.E.2d 286, reversed in Klein v. Leis, 99 Ohio St.3d 537, 2003-Ohio-4779,795 N.E.2d 633.
[5] See Klein v. Leis, 99 Ohio St.3d 537, 2003-Ohio-4779,795 N.E.2d 633.
[6] Id.
[7] State. v. Campbell, 90 Ohio St.3d 320, 2000-Ohio-183,738 N.E.2d 1178, citing Agricultural Ins. Co. v. Constantine
(1944), 144 Ohio St. 275, 58 N.E.2d 658.
[8] R.C. 1.51.
[9] Id.; see also, State v. Volpe (1988), 38 Ohio St.3d 191,527 N.E.2d 818; State v. Chippendale (1990), 52 Ohio St.3d 118,556 N.E.2d 1134.
[10] R.C. 2923.12.
[11] R.C. 2923.16(C).
[12] R.C. 2941.25(A).
[13] Id.
[14] (Oct. 18, 1977), 10th Dist. No. 77AP-346.
[15] (Mar. 20, 1986), 4th Dist. No. 1264.
[16] See, e.g., State v. Bowman (1992), 79 Ohio App.3d 407,607 N.E.2d 516; In re Spinks (May 4, 2000), 10th Dist. No. 99AP-771; State v. Suber (1997), 118 Ohio App.3d 771,694 N.E.2d 98; State v. Davis (1984), 15 Ohio App.3d 64,472 N.E.2d 751.