JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, William Bruening ("Bruening"), appeals his conviction. Finding some merit to the appeal, we reverse and vacate his conviction.
 {¶ 2} In 2006, Bruening was charged with carrying a concealed weapon and illegal possession of a firearm in a liquor permit premises following an incident at the Deww Drop Inn in East Cleveland. He filed a motion to suppress his statements to police, and the trial court denied the motion after a full hearing. Bruening waived his right to a jury trial and the case proceeded to trial before the bench. After the plaintiff-appellee, State of Ohio ("State"), presented its case, Bruening moved for acquittal. The trial court granted Bruening's motion as to the count for illegal possession of a firearm in a liquor permit premises, finding that the State did not present sufficient evidence that the Deww Drop Inn had been issued a permit to serve liquor.
 {¶ 3} The following evidence was adduced at trial.
 {¶ 4} Early one morning in September 2005, Craig Howard ("Howard"), who was working security at the Deww Drop Inn, received word from another "bouncer," Bobby Harvey ("Harvey"), that Bruening was sitting at the bar with a gun next to him. Howard approached Bruening and observed the gun on the bar. Harvey and Howard were able to get the gun away from Bruening and took him outside.
 {¶ 5} The Deww Drop Inn was described by witnesses at trial as a rowdy and unsafe bar where gang members congregated. Howard testified that security at the *Page 4 
front door checked patrons for weapons before allowing entry into the bar, but friends of the owner were often allowed inside without being searched. When the bouncers discovered Bruening had a gun, the owner of the bar became angry and told Harvey and Howard that they would not be paid because they had let Bruening enter the bar with a gun. Howard left the bar and took Bruening's gun with him.
 {¶ 6} Harvey, who did not testify at trial, stayed with Bruening outside the bar and waited for police to arrive. The responding officer, Scott Vargo, testified that when he arrived at the bar, Bruening was arguing with Harvey, upset that the other bouncer had taken his gun. Ptl. Vargo arrested Bruening for disorderly conduct because Bruening was acting belligerent, and the officer feared that Bruening would assault Harvey. After being advised of his Miranda rights, Bruening told Ptl. Vargo that he had brought a gun into the Deww Drop Inn and described the gun as a .40 caliber Glock. He also provided the officer with his name, address, and social security number. The officer testified that Bruening appeared intoxicated and refused to leave the premises without his gun.
 {¶ 7} The trial court convicted Bruening of carrying a concealed weapon and sentenced him to one year of community control sanctions. Bruening now appeals his conviction and raises one assignment of error, arguing that there was insufficient evidence to convict him because there was no evidence that he concealed the gun. For the following reasons, we agree, and reverse Bruening's conviction.
 {¶ 8} A challenge to the sufficiency of the evidence supporting a conviction *Page 5 
requires a court to determine whether the State has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380, 390,1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 9} Bruening was convicted of carrying a concealed weapon, a violation of R.C. 2923.12, which provides in part:
 "(A) No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following:
 (1) A deadly weapon other than a handgun;
 (2) A handgun other than a dangerous ordnance;
 (3) A dangerous ordnance."
 {¶ 10} Thus, the elements of carrying concealed weapons are: (1) no person shall (2) knowingly carry or have (3) concealed on his person or (4) concealed ready at hand (5) any deadly weapon or dangerous ordnance. Bruening argued that there was no evidence that he ever concealed the gun. A weapon is concealed if it is situated so that ordinary observation would give no notice of its presence. State v. Bowman
(1992), 79 Ohio App. 3d 407, 412, 607 N.E.2d 516; State v. Cocer (1984),15 Ohio App. 3d 97, 98, 472 N.E.2d 747. *Page 6 
 {¶ 11} We agree with Bruening, and find that the record is devoid of any evidence that either establishes or creates a reasonable inference that Bruening concealed the gun. We will not assume, as the trial court did, that Bruening must have concealed the gun when he entered the bar. The only person to testify that Bruening had a gun was Howard, who testified that when he first saw Bruening, the gun was on the bar, in plain view. He could not, however, identify Bruening at trial nor did he see him enter the bar with the gun. Although Ptl. Vargo identified Bruening and testified that Bruening admitted bringing a gun into the bar, that does not establish that the gun was concealed.
 {¶ 12} To find that there was sufficient evidence that the gun was concealed, we would have to assume that Harvey or another bouncer checked everyone for weapons at the door, and Bruening entered the bar with the gun concealed. There was no direct testimony, however, establishing the bar's practice of searching everyone before entering the bar. In fact, Howard testified to the contrary, admitting that friends of the owner were often allowed to enter without being searched.
 {¶ 13} Howard testified that eight bouncers were working security at the bar that evening, yet no other bouncer testified at trial. Howard testified that Harvey was "working" the front door that evening, "ID'ing people." There was no testimony, however, regarding how patrons were searched, that Bruening was searched when he entered the bar, or even testimony that everyone who entered the bar that evening was searched. Although Bruening admitted to Ptl. Vargo that he brought *Page 7 
the gun into the bar, we find that there was no direct or circumstantial evidence that the gun was ever concealed.
 {¶ 14} Thus, we find that there was insufficient evidence that Bruening was carrying a concealed weapon on his person. The assignment of error is sustained.
 {¶ 15} Accordingly, judgment is reversed and the conviction is vacated.
It is ordered that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and PATRICIA A. BLACKMON, J., CONCUR. *Page 1