[Cite as *State v. Pryor*, 2012-Ohio-1033.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110205 |
| | | TRIAL NO. B-1004140 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N* |
| CHESTER PRYOR III, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 16, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William D. Bell, Sr.,* for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1} Defendant-appellant Chester Pryor III appeals the judgment of the Hamilton County Court of Common Pleas convicting him of carrying a concealed weapon, a felony of the fourth degree as charged.

{¶2} This case stems from the discovery of a firearm in the saddlebag of Pryor's motorcycle. The gun was recovered after Pryor had been stopped for traffic violations. Pryor filed a motion to suppress the firearm, and after the trial court had overruled the motion, Pryor entered a no-contest plea. The court found him guilty and sentenced him to five days in jail and a period of community control.

### The Hearing on the Motion to Suppress

{¶3} Early one morning, at around 12:50 a.m., plain-clothes officer Chris Campo saw Pryor recklessly operating his motorcycle in downtown Cincinnati. Campo radioed for assistance from a uniformed patrol.

{¶4} Pryor stopped his motorcycle before the uniformed patrol had caught up with him. Campo and the uniformed officers arrived as Pryor was getting off of his motorcycle. Campo testified that he had seen Pryor retrieve something from the waistband of his pants and place it in a saddlebag attached to the motorcycle.

{¶5} A uniformed officer escorted Pryor approximately ten feet away from the motorcycle and informed Campo that Pryor was wearing an empty gun holster on his belt. Campo approached the motorcycle and shined his flashlight on the saddlebag. In a small gap between the cover of the saddlebag and the compartment itself, Campo could see the butt of a handgun. Campo confiscated the weapon, and Pryor was ultimately indicted for carrying a concealed firearm.

### The Trial Court's Jurisdiction

{¶6}     In his first assignment of error, Pryor argues that defects in the complaint deprived the trial court of jurisdiction.  He argues that Campo had filed a complaint purporting to charge Pryor with a felony of the third degree but that Campo had failed to include all of the elements of the stated offense.  Pryor maintains that the allegedly defective complaint rendered the prosecution against him void ab initio.

{¶7}     We find no merit in this argument, because the issuance of the indictment rendered any defects in the complaint irrelevant.  As courts have held, "once an indictment has been approved the preliminary proceedings are not subject to either direct or collateral attack because the defendant has been afforded an independent determination that a prima facie case exists." *State v. Washington,* 30 Ohio App.3d 98, 99, 506 N.E.2d 1203 (8th Dist.1986), quoting *Commonwealth v. Gordon,* 254 Pa.Super. 267, 272, 385 A.2d 1013 (1978).  Here, because there was no allegation of a defect in the issuance of the indictment, the prosecution was properly instituted.  We overrule the first assignment of error.

### Probable Cause to Search

{¶8}     In his second assignment of error, Pryor contends that the trial court erred in overruling his motion to suppress.  He argues that the firearm was not within his reach at the time it was discovered and that, therefore, the officer did not have cause to execute a protective search.

{¶9}     When considering a motion to suppress, the trial court acts as the trier of fact and is in the best position to evaluate the credibility of witnesses and to weigh the evidence.  *State v. Sanders*, 1st Dist. No. C-030846, 2004-Ohio-6842, ¶ 6, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. Although we must accept the trial court's findings of fact if they are supported by some

competent, credible evidence, we conduct a de novo review of whether the facts meet the applicable legal standard. *Id.*

{¶10} In this case, the primary basis of the trial court's ruling was that Campo had possessed probable cause to search the saddlebag for a concealed weapon. We find no error in that conclusion.

{¶11} Under the "automobile exception" to the warrant requirement, police may search an automobile or other vehicle if there is probable cause to believe it contains contraband and there are exigent circumstances justifying a warrantless search. *State v. Mills,* 62 Ohio St.3d 357, 367, 582 N.E.2d 972 (1992). Because of the inherent mobility of automobiles and other motor vehicles, exigent circumstances typically exist where the vehicle was readily mobile at the time of the stop. *Id.; California v. Carney,* 471 U.S. 386, 391, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985). Probable cause is a belief, reasonably based on the circumstances known to the officer, that a vehicle contains contraband. *State v. Kessler,* 53 Ohio St.2d 204, 208, 373 N.E.2d 1252 (1978).

{¶12} Here, the officer saw Pryor remove something from near his waistband and place it in the saddlebag. Campo was soon informed that Pryor was wearing an empty holster. Then, when Campo shined his flashlight at the saddlebag, he could see the butt of the gun showing where the saddlebag's covering was slightly open. Under these circumstances, the officer had probable cause to believe that Pryor had concealed a gun in the saddlebag. Accordingly, we overrule the second assignment of error.

### Evidence of Concealment

{¶13} In his third and final assignment of error, Pryor argues that the evidence of concealment was insufficient to support a conviction under R.C. 2923.12(A)(2), which provides that "[n]o person shall knowingly carry or have, concealed on the person's person or concealed ready at hand * * * a handgun other

than a dangerous ordnance * * * ." Pryor contends that, because the butt of the gun in the case at bar was visible from the top of the saddlebag, the element of concealment was not established.

{¶14}　　This argument is without merit. First, as this court has previously held, proof of concealment does not require the state to establish complete invisibility, but proof only that the weapon had been "so situated as not to be discernable by ordinary observation by those near enough to see it if it were not concealed * * *." *State v. Davis,* 15 Ohio App.3d 64, 472 N.E.2d 751 (1st Dist.1984), quoting *State v. Petit,* 20 Ohio App.2d 170, 173-174, 252 N.E.2d 325 (4th Dist.1969). Thus, a defendant can be convicted under R.C. 2923.12 even if the gun is partially visible. *See State v. Dixon,* 8th Dist. No. 53197, 1987 Ohio App. LEXIS 10212 (Dec. 24, 1987).

{¶15}　　But more importantly, Pryor entered a no-contest plea in this case. When a defendant enters a no-contest plea, he admits the facts alleged in the indictment. Crim.R. 11(B)(2). And where the indictment contains sufficient allegations to state a felony offense and the defendant enters a plea of no contest, the trial court must find him guilty. *State v. Bird,* 81 Ohio St.3d 582, 584, 692 N.E.2d 1013 (1998), citing *State ex rel. Stern v. Mascio,* 75 Ohio St.3d 422, 425, 662 N.E.2d 370 (1996). Because the indictment in the case at bar was sufficient to state a violation of R.C. 2923.12(A)(2), we overrule the third assignment of error.

### Conclusion

{¶16}　　The judgment of the trial court is affirmed.

Judgment affirmed.

**SUNDERMANN** and **HENDON, JJ.,** concur.

Please note:
　　The court has recorded its own entry this date.