[Cite as *State v. Romine*, 2021-Ohio-1026.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| LANNY ROMINE | : | Case No. CT2020-34 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. CR2020-0179


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      March 29, 2021


APPEARANCES:

For Plaintiff-Appellee

TAYLOR BENNINGTON
27 North Fifth Street
P.O. Box 189
Zanesville, OH 43701

For Defendant-Appellant

JAMES ANZELMO
446 Howland Drive
Gahanna, OH 43230

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Lanny L. Romine appeals the June 11, 2020 judgment of conviction and sentence of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   According to the transcript of the plea hearing in this matter, on March 28, 2020, during an argument with his fiancée's daughter, 17 year-old V.G., Romine strangled V.G. Romine's fiancée intervened and another household member called police. Romine fled the scene.

{¶ 3}   Officers located Romine's vehicle and signaled for him to stop, but he fled from officers. Before finally being stopped, Romine drove over the speed limit, through various roadways and into neighborhoods.

{¶ 4}   As a result of these events, on April 15, 2020, the Muskingum County Grand Jury returned an indictment charging Romine with two counts of domestic violence, felonies of the third degree, and one count of failure to comply, a felony of the fourth degree.

{¶ 5}   On June 10, 2020, the state agreed to dismiss one count of domestic violence, and amend the second count to a felony of the fourth degree. Romine then entered pleas of guilty to one count of domestic violence as amended, and the one count of failure to comply.

{¶ 6}   Sentencing was held on July 6, 2020 after completion of a pre-sentence investigation. The trial court sentenced Romine to 18 months for domestic violence and

12 months for failure to comply. The court ordered Romine to serve the sentences consecutively for an aggregate prison term of 30 months.

{¶ 7} Romine filed an appeal and the matter is now before this court for consideration. He raises two assignments of error for our consideration as follow:

I

{¶ 8} "THE TRIAL COURT LACKED JURISDICTION AND AUTHORITY TO CONVICT ROMINE OF THE OFFENSE AGAINST V.G."

II

{¶ 9} "THE TRIAL COURT ERRED WHEN IT SENTENCED ROMINE TO PRISON, INSTEAD OF COMMUNITY CONTROL, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."

I

{¶ 10} In his first assignment of error, Romine argues because the victim in this matter was a minor, the state lacked authority to charge him with domestic violence and the trial court lacked jurisdiction over the matter. According to Romine, because the victim was 17 years old, he had to be charged under the special provision of child endangering not the general domestic violence provision. We disagree.

{¶ 11} Romine points to R.C. 1.51 to support his argument he had to be charged under the special provision of child endangering not the general domestic violence provision. That section states:

If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail

{¶ 12} When there is no manifest legislative intent that a general provision of the Revised Code prevails over a special provision, the special provision takes precedence. *State v. Volpe*, 38 Ohio St.3d 191, 527 N.E.2d 818, paragraph one of the syllabus (1988); *State v. Frost*, 57 Ohio St.2d 121, 387 N.E.2d 235 (1979) paragraph one of the syllabus. Where it is clear that a special provision prevails over a general provision or the Criminal Code is silent or ambiguous as to which provision prevails, under R.C. 1.51, the state may charge only on the special provision. *State v. Chippendale*, 52 Ohio St.3d 118, 556 N.E.2d 1134 (1990) paragraph three of the syllabus.

{¶ 13} In *State v. Clark*, 10 th Dist. No. 14P-719, 2055-Ohio-2046 at ¶ 18, the Tenth District noted:

Implicit in the *Volpe* analysis is that several prerequisites must be met prior to applying the conflicting statute rule. Under R.C. 1.51, a "general" statute must be compared against a "special or local" statute, the general and special or local statutes must "conflict," and the conflict must be "irreconcilable" in that the statutes cannot be construed "so that effect is given to both." R.C. 1.51. Lastly, the

"legislature [must have] expressed its intent that a special provision prevail over a general one." *Chippendale* at 122, citing *Volpe* at 193; R.C. 1.51 (the general provision prevails where it "is the later adoption and the manifest intent is that the general provision prevail").

{¶ 14} Romine was charged with domestic violence pursuant to R.C. 2919.25(A) which provides "No person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶ 15} Romine argues he should have been charged with child endangerment pursuant to R.C. 2919.22(B)(1) which provides:

(B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:

(1) Abuse the child;

* * *

{¶ 16} The applicable mental state for child endangerment is recklessness. *State v. McGee*, 79 Ohio St.3d 193, 680 N.E.2d 975 (1997) at syllabus

{¶ 17} Because the elements of each offense differ they do not create a conflict between a general and a special provision. *State v. Bowman*, 79 Ohio App.3d 407, 410-411, 607 N.E.2d 516 (10th Dist. 1992)

{¶ 18} Additionally, when presented with a similar argument in *State v. Brown*, 8th Dist. No. 1993WL389464, *2, the Eighth District Court of Appeals found:

* * *when defendant's conduct violates two different sections of the Revised Code, the prosecutor has discretion to choose the statute the defendant will be prosecuted under. *State v. Wilson* (1976), 58 Ohio St.2d 52, *U.S. v. Batchelder* (1979), 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755. The use of this prosecutorial discretion does not violate equal protection, so long as the prosecutor does not discriminate against a class of defendants. *Id.*

{¶ 19} The state was not required to charge Romine under R.C. 2919.22(B)(1) instead of R.C. 2919.25(A). Accordingly, we overrule the first assignment of error.

II

{¶ 20} In his second assignment of error, Romine argues the trial court erred in misapplying the factors contained in R.C. 2929.12 and imposing a prison sentence instead of a term of community control and therefore this court may vacate his sentence pursuant to R.C. 2953.08(G)(2). We disagree.

{¶ 21} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶ 22} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

*Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 23} Romine argues his sentence is contrary to law because the trial court failed to impose the sentence in accordance with sentencing statutes, specifically, R.C. 2929.12. He supports this argument by stating (1) he had not previously served a prison term; (2) he demonstrated remorse; (3) he did not harm anyone during his flight from police; (4) he did not cause the V.G.'s physical injuries; (5) V.G. did not want him to go to prison and therefore sending him to prison contravenes Marsy's Law; and (6) he served in the military and was honorably discharged. None of these factors, however, make the imposition of a prison term contrary to law.

{¶ 24} We recently addressed the same challenge in *State v. Roberts*, 5th Dist. No. 2021-Ohio-90, ¶ 81 and explained nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute its own judgment for that of the trial court to determine a sentence that best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *Id.* citing *State v. Jones*, ___ N.E.3d ___, 2020-Ohio-6729 ¶ 42.

{¶ 25} This court is therefore without authority to disturb Romine's sentence absent a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 and R.C. 2929.12. Instead we may only determine if the sentence is contrary to law.

{¶ 26} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant

within the permissible statutory range." *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶ 27} Before sentencing Romine, the trial court noted pre-sentence investigation indicated he had six prior offenses of violence, each time involving the assault of a female victim. The court additionally noted Romine's history included charges of passing bad checks, drug abuse, criminal damaging, aggravated menacing, drug paraphernalia, disorderly conduct, petty theft, and obstructing official business. The trial court further noted Romine pled guilty to domestic violence as amended, a felony of the fourth degree based upon two or more prior domestic violence convictions. Transcript of sentencing (T.) at 5-6.

{¶ 28} The trial court then sentenced Romine within the applicable sentencing range and he does not argue otherwise. The sentencing judgment entry indicates the trial court's consideration of R.C. 2929.11 and R.C. 2929.12 and post-release control was properly imposed. We therefore do not find appellant's sentence to be clearly and convincingly contrary to law nor is his sentence unsupported by the record.

{¶ 29} The second assignment of error is overruled.

{¶ 30} The judgment of the Muskingum County Court of Common Pleas is affirmed.


By Wise, Earle, J.

Gwin, P.J. and

Hoffman, J. concur.

EEW/rw