Kinkade, J.
 

 This case is in this court by reason of a certificate of conflict embraced in the journal entry of the Court of Appeals of the Fourth Appellate District.
 

 The action in the court of common pleas was brought by Pettibone against McKinnon for the recovery of damages sustained by Pettibone while walking upon a public highway in the open country and in the night season, by reason of the negligence of Mc-Kinnon in driving his automobile over Pettibone. The injuries occasioned by the collision were very important. The action resulted in a judgment in favor of Pettibone. The Court of Appeals reversed the judgment on three errors of the trial judge in his instructions to the jury. With reference to the first ground of error set forth in the entry of reversal, the Court of Appeals found that the judgment upon which it had agreed was in conflict with a judgment theretofore entered by the Court of Appeals of the First Ap
 
 *607
 
 pellate District, and thereupon certified the case to this court for review.
 

 The defendant in error here contends that, as the Court of Appeals found that its judgment of reversal was in conflict in respect to the first of the three grounds of error in the charge, this finding limits the jurisdiction of this court to a consideration of that one ground, and that this court cannot pass upon the other two grounds of error found by the appellate court. We cannot assent to this limitation. The judgment of reversal by the Court of Appeals is not divisible. It may be based upon many or few grounds. Whether it stands or falls depends upon its correctness.
 

 Plaintiff’s special instruction No. 1 given before argument embraced in full the language of Section 12603, General Code, defining the unlawful speed of motor vehicles, and charged that thirty-five miles an hour outside of a municipal corporation should be
 
 prima facie
 
 evidence of an unlawful rate of speed. The trial court in the general charge correctly says that a speed of thirty-five miles per hour outside of a municipal corporation is
 
 prima facie
 
 evidence of an improper speed. However, the court later charges the jury that, if it finds that the defendant operated his automobile “at a speed greater than thirty-five miles per hour, or at a speed which was greater than was reasonable under the circumstances of this case,” the plaintiff might recover, if the plaintiff himself was free from fault. This instruction contradicted the preceding instructions referred to in that it advised the jury that thirty-five miles per hour was not
 
 prima facie
 
 unlawful, but was absolutely so. The Court of Appeals held that this latter charge was incorrect, and that a proper instruction does not necessarily avoid the vice of an improper and contradictory instruction, and that this particular error was reversible. We are of the opinion that such holding of the Court of Ap
 
 *608
 
 peals was correct. However, the Court of Appeals certified the case as being in conflict with
 
 C. Crane & Co.
 
 v.
 
 Works,
 
 19 Ohio App., 349.
 

 An examination of the record clearly establishes that the action of the appellate court in reversing the judgment of the trial court on each and all of the three grounds specified in the journal entry was correct. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen
 
 and
 
 Stephenson, JJ., concur.