THE STATE OF OHIO, APPELLEE, *v.* VOLPE, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* CHISHOLM, APPELLANT.

[Cite as State *v.* Volpe (1988), 38 Ohio St. 3d 191.]

(Nos. 87-1043 and 87-1044—Submitted June 1, 1988—
Decided August 17, 1988.)

decided *State* v. *McDonald* (1987), 31 Ohio St. 3d 47, 31 OBR 155, 509 N.E. 2d 57, in which we held that "R.C. 2923.24, prohibiting the possession of criminal tools, is constitutional on its face." *Id.* at syllabus. We note: "Certification of the record of the case to the Supreme Court, because of a conflict between judgments of the Courts of Appeals upon any question, brings the entire case, not merely the certified question, before this court for review. * * *" *Brown* v. *Borchers Ford, Inc.* (1977), 50 Ohio St. 2d 38, 39, 4 O.O. 3d 89, 90, 361 N.E. 2d 1063, 1064. See, also, *Couk* v. *Ocean Accident & Guarantee Corp.* (1941), 138 Ohio St. 110, 20 O.O. 65, 33 N.E. 2d 9, paragraph one of the syllabus; *Pettibone* v. *McKinnon* (1932), 125 Ohio St. 605, 183 N.E. 786, paragraph one of the syllabus. Since appellants, however, also challenge the constitutionality of R.C. 2923.24 as applied to them, we therefore consider that issue today.

Appellants were charged with violations of R.C. 2915.02 (gambling), R.C. 2915.03 (operation of a gambling house), and R.C. 2923.24 (possession of criminal tools).

R.C. 2915.02 states in relevant part:

"(A) No person shall:

"(1) Engage in bookmaking, or knowingly engage in conduct that facilitates bookmaking;

"(2) Establish, promote, or operate, or knowingly engage in conduct that facilitates any scheme or game of chance conducted for profit;

"(3) Knowingly procure, transmit, exchange, or engage in conduct that facilitates the procurement, transmission, or exchange of, information for use in establishing odds or determining winners in connection with bookmaking or with any scheme or game of chance conducted for profit;

*Robert D. Horowitz,* prosecuting attorney, and *Paul A. Mastriacovo,* for appellee.

*Lambert & MacDonald Co., L.P.A., Ida L. MacDonald* and *John A. Connor II,* for appellants.

MOYER, C.J. Since these cases were certified to this court, we have

"(4) Engage in betting or in playing any scheme or game of chance, except a charitable bingo game, as a substantial source of income or livelihood;

"(5) With purpose to violate division (A)(1), (2), (3), or (4) of this section, acquire, *possess,* control, or operate *any gambling device.*

"* * *

"(F) Whoever violates this section is guilty of gambling, a misdemeanor of the first degree. If the offender has previously been convicted of any gambling offense, gambling is a felony of the fourth degree." (Emphasis added.)

The complete text of R.C. 2923.24 is as follows:

"(A) No person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally.

"(B) Each of the following constitutes prima-facie evidence of criminal purpose:

"(1) Possession or control of any dangerous ordnance, or the materials or parts for making dangerous ordnance, in the absence of circumstances indicating such dangerous ordnance, materials, or parts are intended for legitimate use;

"(2) Possession or control of any substance, device, instrument, or article designed or specially adapted for criminal use;

"(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating such item is intended for criminal use.

"(C) Whoever violates this section is guilty of possessing criminal tools, a felony of the fourth degree."

Appellants challenge R.C. 2923.24 on the grounds that in enacting R.C. 2915.02, the General Assembly clearly stated a specific intent to charge with a misdemeanor, not a felony, first-time gambling offenders who engage or use a tool in gambling. Therefore, appellants argue that they were improperly convicted of violating R.C. 2923.24. We agree and accordingly reverse the judgment of the court of appeals.

Well-established principles of statutory construction require that specific statutory provisions prevail over conflicting general statutes. R.C. 1.51 states that:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

R.C. 2915.02(A)(5) and 2923.24 are irreconcilable. R.C. 2915.02(A)(5), in conjunction with R.C. 2915.02(F), treats possession of a gambling device as a first degree misdemeanor. As such, a person convicted of violating R.C. 2915.02(A)(5) could receive no prison sentence or a prison sentence of up to six months. See R.C. 2929.21. R.C. 2923.24 makes possession of criminal tools, arguably such instruments as gambling devices, a fourth degree felony, carrying a minimum prison sentence of six months and a maximum prison sentence of five years. See R.C. 2929.11. Therefore, since R.C. 2915.02 and 2923.24 provide for different penalties for the same conduct, they cannot be construed to give effect to both. R.C. 2915.02[1] and 2923.24 were enacted effective January 1, 1974, as part of the

---

[1] R.C. 2915.02 was amended several times after its enactment, but none of those amendments is relevant herein.

modern Ohio Criminal Code. Therefore, under R.C. 1.51, the general law, R.C. 2923.24, does not prevail as being the "later adoption." Further, the fact that the General Assembly enacted R.C. 2915.02(A)(5) to reach possession and control of gambling devices indicates that it did not intend for R.C. 2923.24 to reach possession and control of such devices.

Although it was dicta, we observed in *State* v. *McDonald, supra,* at 50, 31 OBR at 157, 509 N.E. 2d at 60, fn. 1, that "there are statutes prohibiting possession of specific articles, such as R.C. 2915.02(A)(5) (gambling devices) and R.C. 2925.12 (drug abuse instruments). The General Assembly has manifested a specific intent to classify possession of those articles as misdemeanors. These specific provisions would control over the general provision in R.C. 2923.24. R.C. 1.51."

In *State* v. *Frost* (1979), 57 Ohio St. 2d 121, 11 O.O. 3d 294, 387 N.E. 2d 235, this court was presented with the issue of whether the enactment of R.C. 2901.05(A), placing the burden of going forward with evidence of an affirmative defense upon the accused, impliedly repealed R.C. 1707.45, which placed the burden of proving an exemption from compliance with the Ohio Securities Act on the party claiming the exemption. Noting that repeals by implication are not favored and will not be found unless the subsequent legislation clearly requires that holding, the court also cited R.C. 1.51 and held that "[w]here there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence. * * *" *State* v. *Frost, supra,* paragraph one of the syllabus. See, also, *State, ex rel. Myers,* v. *Chiaramonte* (1976), 46 Ohio St. 2d 230, 75 O.O. 2d 283, 348 N.E. 2d 323, paragraph one of the syllabus; *Cincinnati* v. *Thomas Soft Ice Cream, Inc.* (1977), 52 Ohio St. 2d 76, 6 O.O. 3d 277, 369 N.E. 2d 778, paragraph one of the syllabus; and *Leach* v. *Collins* (1931), 123 Ohio St. 530, 533, 176 N.E. 77, 78, citing *Rodgers* v. *United States* (1902), 185 U.S. 83.

Given that the General Assembly clearly enacted R.C. 2915.02(A)(5) to reach criminal possession and control of a gambling device and classified such conduct as a misdemeanor of the first degree under R.C. 2915.02(F), we hold that R.C. 2923.24, a general statute prohibiting possession and control of criminal tools and classifying such conduct as a fourth degree felony, cannot be used to charge and convict a person of possessing and controlling a gambling device. Accordingly, we reverse the judgment of the court of appeals and remand these two cases to the trial court for disposition consistent with this opinion.

*Judgment reversed
and cause remanded.*

SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.