The STATE of Ohio, Appellee,

v.

FARKAS, Appellant.

[Cite as *State v. Farkas* (1989), 64 Ohio App.3d 224.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56122.

Decided Nov. 20, 1989.

John T. Corrigan, Prosecuting Attorney, and *Judith Hritz*, Assistant Prosecuting Attorney, for appellee.

*Stuart H. Lippe* and *Mary Cay Tylee*, for appellant.

NAHRA, Judge.

Defendant Andrew Farkas is appealing his conviction of attempted possession of criminal tools (R.C. 2923.24 and 2923.02). He contends he was convicted with insufficient evidence, convicted of the wrong offense, and convicted unconstitutionally under the Eighth and Fourteenth Amendments to the federal Constitution and under Sections 9 and 16, Article I of the Ohio Constitution. Because we agree that defendant was charged and convicted of an improper offense, we hereby reverse defendant's conviction.

On January 8, 1988, defendant, a college student, and three friends, went to defendant's former junior high school and asked the librarian to laminate a ski pass and a college identification card, a service done periodically as a courtesy to students. After the librarian's assistant laminated the items the librarian discovered the defendant had a driver's license laminated. Upon inspection, the librarian saw defendant's picture on the license with a phony name, address and date of birth and confiscated the license. Defendant ran out of the building after the librarian telephoned the University Heights Police.

At trial to the court the librarian testified to the above facts. There was no cross-examination and no other witnesses testified. The court overruled defendant's motions for acquittal, found him guilty of attempted possession of criminal tools, fined him $100 and placed him on thirty days' inactive probation. Defendant timely appealed.

I

Appellant's first and second assignments of error, which will be addressed together, are that:

"I. The trial court erred in failing to grant defendant-appellant's motion for acquittal pursuant to Ohio Rule of Criminal Procedure 29 at the close of

plaintiff-appellee's case and at the close of all evidence for the reasons that the evidence was insufficient to sustain a conviction.

"II. Defendant-appellant was denied his Fourteenth Amendment right to due process of law when the trial court failed to require that the state of Ohio prove each essential element of the crime charged beyond a reasonable doubt."

■ The offense of possessing criminal tools provides that "[n]o person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally." R.C. 2923.24(A). Appellant contends there was insufficient evidence of his purpose to use the false identification criminally. The statute defining the offense, however, provides three instances where possession of certain types of items constitutes *prima facie* evidence of criminal purpose:

"(1) Possession or control of any dangerous ordnance, or the materials or parts for making dangerous ordnance, in the absence of circumstances indicating such dangerous ordnance, materials, or parts are intended for legitimate use;

"(2) Possession or control of any substance, device, instrument, or article designed or specially adapted for criminal use;

"(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating such item is intended for criminal use." R.C. 2923.24(B).

Possession of a fictitious driver's license easily fits under subsection (2) since any unofficial alteration of a driver's license makes the article specially adapted for criminal use. The state's *prima facie* case was unrebutted and thus sufficient to convict appellant. Accordingly, these two assignments of error are overruled.

## II

Appellant's third assigned error is that:

"The trial court erred in failing to acquit defendant-appellant of the offense of possession of criminal tools for the reason that a specific offense statute exists which covers the circumstances demonstrated by the evidence herein."

Appellant contends and we agree that he was improperly charged and convicted of violating R.C. 2923.24, since a more specific offense exists, R.C. 4507.30(A), which prohibits the same conduct and provides a less severe penalty.

■ The Supreme Court of Ohio has held that:

"1. Where there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence.

"2. Because R.C. 2915.02(A)(5) clearly was enacted to reach criminal possession and control of a gambling device and such conduct is classified as a misdemeanor of the first degree under R.C. 2915.02(F), R.C. 2923.24, a general statute prohibiting possession and control of criminal tools and classifying such conduct as a fourth degree felony, cannot be used to charge and convict a person for possession and control of a gambling device." *State v. Volpe* (1988), 38 Ohio St.3d 191, 527 N.E.2d 818, paragraphs one and two of the syllabus.

In this case, R.C. 4507.30(A) specifically prohibits possession of a fictitious driver's license, and R.C. 4507.99(B) classifies this offense as a first-degree misdemeanor, one degree less severe than possession of criminal tools, a more general offense. Like the situation in *Volpe*, the General Assembly has not manifested any intent that the more general offense of possessing criminal tools take precedence over the more specific offense of possessing a fictitious driver's license. Consequently, the offense of possession of criminal tools cannot be used to charge a person for possessing a fictitious driver's license. Appellant's indictment and conviction under R.C. 2923.24, which proscribes the same conduct as R.C. 4507.30(A) but provides a higher punishment, was improper. Accordingly, this assignment of error is sustained.

### III

Appellant's fourth assigned error is that:

"Defendant-appellant's conviction for attempted possession of criminal tools violated his Eighth Amendment rights under the United States Constitution and Article I, Section 9 of the Ohio Constitution against cruel and unusual punishment."

A criminal sentence does not violate constitutional prohibitions against cruel and unusual punishments "if it [is] not so greatly disproportionate to the offense as to shock the sense of justice of the community." *State v. Chaffin* (1972), 30 Ohio St.2d 13, 59 O.O.2d 51, 282 N.E.2d 46, paragraph three of the syllabus (sentence of twenty to forty years for selling marijuana is not unconstitutional). Appellant has argued generally about potential penalties for attempted violations of R.C. 2923.24 and 4507.30(A), but has failed to demonstrate how or why the actual penalty imposed is cruel and unusual. In any event, we conclude that appellant's $100 fine is not so greatly disproportionate to the offense of attempting to possess a fictitious

driver's license as to shock the senses. Accordingly, this assignment of error is overruled.

## IV

Appellant's last assigned error is that:

"Ohio Revised Code Section 2923.24 is unconstitutional as applied to the facts and circumstances of the within matter in that it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution."

Appellant contends R.C. 2923.24 is unconstitutional as applied to him because if he had purchased liquor with the false identification, the purchase would have violated R.C. 4301.63, only a minor misdemeanor punishable by a maximum fine of $100. Thus, he argues R.C. 2923.24 was unconstitutionally vague and overinclusive as not giving him notice of the possible penalties. The flaw in appellant's argument is that he did not purchase liquor with phony identification and was not subjected to the scenario described. This court will not engage in speculation to rule a legislative enactment unconstitutional as applied. See *State v. McDonald* (1987), 31 Ohio St.3d 47, 50, 31 OBR 155, 157, 509 N.E.2d 57, 60. Accordingly, this assignment of error is overruled.

Based on our disposition of appellant's third assignment of error, the judgment of the trial court is reversed.

*Judgment reversed.*

MATIA, J., concurs.

JOHN V. CORRIGAN, P.J., dissents.