**The STATE of Ohio, Appellant,**

v.

**BARE, Appellee.**

[Cite as *State v. Bare,* 153 Ohio App.3d 193, 2003-Ohio-3062.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 2002–CA–14.

Decided June 13, 2003.

Nick A. Selvaggio, Champaign County Prosecuting Attorney, Jack W. White-sell Jr. and Candace G. Garrett, Assistant Prosecuting Attorneys, for appellant.

George A. Katchmer, for appellee.

FAIN, Presiding Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from certain rulings made by the trial court in the course of a bench trial of defendant-appellee, Dusti Bare, on a charge of contributing to the unruliness or delinquency of a minor, in violation of R.C. 2919.24(B). Because the trial court acquitted Bare of the charge, the state recognizes that it cannot obtain a reversal of the judgment of acquittal. However, the state sought leave pursuant to R.C. 2945.67(A) to appeal from certain rulings made by the trial court in Bare's favor, and we granted leave.

{¶ 2} The state contends that the trial court erred when it ruled that a minor's violation of a municipal curfew ordinance cannot serve as the predicate for Bare's conviction for contributing to the unruliness of the minor, in violation of R.C. 2919.24(A), where the minor was subject only to a warning, rather than to a finding of unruliness, under the curfew ordinance, because it was the minor's first offense. The state also contends that the trial court erred by holding that the minor's false statements to police could not constitute the offense of obstructing official business, and therefore constitute the predicate for Bare's conviction for contributing to the delinquency of a minor, because the minor's false statements to the police were protected by the Fifth Amendment to the United States Constitution's privilege against self-incrimination.

{¶ 3} We agree with the state in both respects. Accordingly, judgment is rendered in favor of the state.

I

{¶ 4} Bare was charged with contributing to the unruliness or delinquency of a minor. Urbana police officer Seth King observed Bare and the minor at 1:00 in the morning in a Speedway convenience store. King requested identification. Bare provided correct identification, but the minor said that she did not have any. King questioned the minor concerning her parents' residence. Ultimately, King determined that the minor had provided false information, that Bare had lied to

him in order to support the minor's false statements, and that the minor was in violation of Urbana City Code of General Ordinances 510.02, which provides for a curfew for minors.

{¶ 5} In its judgment entry, the trial court made the following findings:

{¶ 6} "It appears that the obstructing charge against [the minor] is based upon her initially (1) giving Officer King a false name; (2) telling Officer King that she was the Defendant's sister and (3) stating that she lived in Springfield. The defendant lied to Officer King to support these misstatements by [the minor].

{¶ 7} "[The minor's] violation of the Urbana City curfew ordinance was not controverted. It was [the minor's] idea to go for a walk and the Defendant went along believing that since she is an adult, [the minor] would not get in trouble for violating curfew."

{¶ 8} Following a bench trial, the trial court concluded that the minor's actions could not constitute the offense of obstruction of official business, because the false statements she made to Officer King were protected by the privilege against self-incrimination contained in the Fifth Amendment to the United States Constitution. The trial court further found that although the minor had violated Urbana City Code of General Ordinances 510.02, because it was her first offense, she was entitled to a warning, pursuant to Section 510.99(a), rather than to referral "to the appropriate juvenile authorities for disposition under Ohio R.C. Chapter 2151," pursuant to Section 510.99(b). Accordingly, the trial court concluded that the minor had not been unruly, so that Bare could not be guilty of contributing to the minor's unruliness. Based upon these conclusions, the trial court rendered a judgment of acquittal in favor of Bare.

{¶ 9} The state sought leave to appeal from these rulings, pursuant to R.C. 2945.67, while recognizing that it cannot obtain a reversal of the underlying judgment of acquittal. We granted leave, and this appeal followed.

II

{¶ 10} The state's first assignment of error is as follows:

{¶ 11} "The trial court erred in holding that contributing to a first offense of the Urbana curfew ordinance cannot be contributing to a child becoming an unruly child."

{¶ 12} The trial court found that the minor had violated Urbana City Code of General Ordinances 510.02, which provides as follows:

{¶ 13} "It shall be unlawful for any minor to be on or remain in or upon a public place within the City of Urbana during the period beginning 11:00 p.m. and

ending at 5:00 a.m., Sunday through Thursday and on Fridays and Saturdays beginning 12:00 a.m. and ending 5:00 a.m."

{¶ 14} The Ohio Revised Code defines the term "unruly child" to include "[a]ny child who violates a law * * * that is applicable only to a child." R.C. 2151.022(D).

{¶ 15} We agree with the state that the minor in this case, having violated Urbana Code of General Ordinances 510.02, was an unruly child. We agree with the state that the fact that she was subject to a warning, rather than to referral to juvenile authorities, because this was her first offense, is immaterial; she was nevertheless an unruly child, as that term is defined by statute. Thus Bare could be found guilty of having violated R.C. 2919.24(A)(1) if Bare were found to have aided, abetted, induced, caused, encouraged, or contributed to the minor's having become an unruly child.

{¶ 16} Bare contends that she could have been found guilty, at most, of a minor misdemeanor for having aided, abetted, influenced, or encouraged the minor to violate the curfew. She bases this contention upon Urbana Code of General Ordinances 510.06 and 510.99(c). Section 510.06 makes it unlawful for any person, not a minor, to aid, abet, influence, or encourage a minor to violate curfew. Section 510.99(c) provides that whoever violates Section 510.06 shall be guilty of a minor misdemeanor, unless it is a subsequent violation.

{¶ 17} Bare relies upon *State v. Volpe* (1988), 38 Ohio St.3d 191, 527 N.E.2d 818, for the proposition that Sections 510.06 and 510.99(c) of the Urbana Code of General Ordinances 510.06 and 510.99(c) take precedence over R.C. 2919.24(A)(1), which makes it a first-degree misdemeanor to contribute to the unruliness of a minor, because the ordinances are more specific, and a specific statutory provision controls over a more general statutory provision with which it is in conflict.

{¶ 18} We agree with the state that the principle espoused in *State v. Volpe*, supra, is applicable to conflicts between different provisions of the Ohio Revised Code, but not to conflicts between general provisions in the Ohio Revised Code and provisions in municipal ordinances. The latter conflicts are controlled by *Cleveland v. Betts* (1958), 168 Ohio St. 386, 7 O.O.2d 151, 154 N.E.2d 917, in which it is held that "Section 3, Article XVIII of the Constitution of Ohio, authorizes municipalities to adopt and enforce within their limits only such local police regulations as are not in conflict with general laws." Id. at syllabus.

{¶ 19} To be sure, the holding in *Cleveland v. Betts*, supra, has been modified by the holding in *Toledo v. Best* (1961), 172 Ohio St. 371, 16 O.O.2d 220, 176 N.E.2d 520. However, we conclude that the holding in the latter case was based upon the fact that the difference between the ordinance and the statute in that

case was slight, pertaining as it did to whether the first three days of any sentence imposed could be suspended, and the fact that the sentence actually imposed in violation of the ordinance was one that could have been imposed for a violation of the statute. Under those circumstances, the Supreme Court, which was evidently somewhat critical of the statute, held that: "In the present case, although the city of Toledo has remained constant and the General Assembly has vacillated, we feel this vacillation is not to a degree which causes a conflict between the statute and ordinance herein involved." *Toledo v. Best,* 172 Ohio St. at 375, 16 O.O.2d 220, 176 N.E.2d 520.

{¶ 20} In the case before us, by contrast, the Urbana ordinance purports to make the act of assisting a minor in a curfew violation a minor misdemeanor, punishable at most by $100 fine, while the statute makes the identical conduct a first-degree misdemeanor, punishable by imprisonment for up to six months. This is a significant conflict. We agree with the state that, pursuant to *Cleveland v. Betts,* supra, the statute prevails over the ordinance.

{¶ 21} In any event, regardless of the proper penalty in a case of this kind, we agree with the state that it is immaterial that the minor's conduct, having constituted a first offense, was punishable merely by a warning. Bare could nevertheless be guilty of contributing to the minor's unruliness if she were found to have aided, abetted, induced, caused, encouraged, or contributed to the minor's having violated the curfew ordinance.

{¶ 22} The state's first assignment of error is sustained.

### III

{¶ 23} The state's second assignment of error is as follows:

{¶ 24} "The trial court erred in holding the statements of the child * * * could not be used to establish the adult defendant's guilt of contributing to the delinquency of the child because use of the child's statements would have infringed on the child's Fifth Amendment right not to incriminate herself, so she could not have been convicted of delinquency."

{¶ 25} The state points out that the United States Supreme Court has held that "neither the text nor the spirit of the Fifth Amendment confers a privilege to lie." *Brogan v. United States* (1998), 522 U.S. 398, 404, 118 S.Ct. 805, 139 L.Ed.2d 830.

{¶ 26} The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." While this entitles a person accused or suspected of a criminal offense to remain silent, with impunity, it does not confer a privilege to lie.

{¶ 27} Bare appears to concede this point, but argues that there was a failure of proof that the minor's statements to the police officer hampered or impeded the officer in the performance of his lawful duties, an element of the offense. R.C. 2921.31(A). We find it unnecessary to resolve this issue. Whether the minor in this case, in her misstatements to Officer King, actually hindered or impeded him is an issue of fact, not an issue of law. Although this court is authorized by R.C. 2945.67 to render what, in effect, are advisory opinions in cases where there has been a judgment of acquittal, we see no useful purpose to be served in rendering an advisory opinion on an issue of fact.

{¶ 28} We agree with the state that false statements to a police officer are not protected under the privilege against self-incrimination contained in the Fifth Amendment to the Constitution of the United States. Thus, we agree with the state that the trial court erred in holding to the contrary. That is the issue of law upon which the state has requested this court to opine. Whether the conduct of the minor, in this case, actually hampered or impeded Officer King in the performance of his duties is moot, in view of the fact that the trial court acquitted Bare.

{¶ 29} The state's second assignment of error is sustained.

## IV

{¶ 30} Both of the state's assignments of error are sustained. Accordingly, judgment is rendered in favor of the state upon the issues of law presented. As the state recognizes, the judgment on appeal cannot, and does not, affect the judgment of acquittal rendered in the trial court.

Judgment accordingly.

BROGAN and WOLFF, JJ., concur.