DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Andy Vanderpool, a correctional officer at the Lorain County Correctional Institution, accepted $500 to deliver $350 to an inmate, keeping the other $150 for himself. The trial court convicted him of illegally conveying a prohibited item onto the grounds of a detention facility and bribery. Mr. Vanderpool has appealed, arguing that the court incorrectly concluded that it could convict him of both crimes. This Court affirms because the two offenses are not of similar import.
 ALLIED OFFENSES {¶ 2} Mr. Vanderpool's assignment of error is that the trial court incorrectly found him guilty of both a specific statutory provision and a general statutory provision, in violation of Section 1.51 of the Ohio Revised Code. "Well-established principles of statutory construction require that specific statutory provisions prevail over conflicting general statutes." State v. *Page 2 Volpe, 38 Ohio St. 3d 191, 193 (1988). "In recognition of this principle, the General Assembly enacted R.C. 1.51, which deals with the proper application of general and special or local provisions."State v. Chippendale, 52 Ohio St. 3d 118, 120 (1990). Section 1.51
provides that, "[i]f a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."
 {¶ 3} If one statute is general and the other is specific, and they involve the same or similar offenses, this Court must "ask whether the offenses constitute allied offenses of similar import."Chippendale, 52 Ohio St. 3d at 120. "In determining whether offenses are allied offenses of similar import[,] . . . [this Court is] required to compare the elements of offenses in the abstract without considering the evidence in the case, but [is] not required to find an exact alignment of the elements." State v. Cabrales, 118 Ohio St. 3d 54, 2008-Ohio-1625, at paragraph one of the syllabus. "Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import."Id.
 {¶ 4} Mr. Vanderpool has argued that bribery is a general provision while conveying a prohibited item onto the ground of a detention facility is a specific provision. Even if Mr. Vanderpool is correct, he has not established that the commission of conveying a prohibited item onto the grounds of a detention facility necessarily results in the commission of bribery.
 {¶ 5} The trial court convicted Mr. Vanderpool of violating Section 2921.02(B) and Section 2921.36(D) of the Ohio Revised Code. Section 2921.02(B) provides that "[n]o person, either before or after he is . . . employed . . . as a public servant or party official, shall knowingly *Page 3 
. . . accept for himself . . . any valuable thing or valuable benefit to corrupt or improperly influence him . . . with respect to the discharge of his . . . duty." Section 2921.36(D) provides that "[n]o person shall knowingly deliver, or attempt to deliver, cash to any person who is confined in a detention facility." Aligning the elements of those offenses, this Court concludes that they are not allied offenses of similar import. A person could be bribed to do something other than deliver cash to a person who is confined in a detention facility. A person could also deliver cash to someone who is confined in a detention facility without being a "public servant or party official" or without "accept[ing] for himself . . . any valuable thing or valuable benefit." R.C. 2921.02(B). Section 2921.02(B) and Section 2921.36(D), therefore, are not allied offenses of similar import. Mr. Vanderpool's assignment of error is overruled.
 CONCLUSION {¶ 6} The trial court correctly concluded that it could convict Mr. Vanderpool of both bribery and conveying a prohibited item onto the grounds of a detention facility. The judgment of the Lorain County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 4 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
WHITMORE, J. BELFANCE, J. CONCUR