[Cite as *State v. Drake*, 2012-Ohio-3718.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee/                          :        C.A. CASE NO.    24859
    Cross-Appellant

v.                                               :        T.C. NO.    11CR141

TIMOTHY A. DRAKE                                 :        (Criminal appeal from
                                                          Common Pleas Court)

    Defendant-Appellant/                         :
    Cross-Appellee

                                                 :

      . . . . . . . . . .

**O P I N I O N**

Rendered on the    17th    day of    August   , 2012.

      . . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee/Cross-Appellant

ANTONY A. ABBOUD, Atty. Reg. No. 0078151, 130 W. Second Street, Suite 1818, Dayton, Ohio 45402
        Attorney for Defendant-Appellant/Cross-Appellee

      . . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**   This matter is before the Court on the Notice of Appeal of Timothy Drake,

filed October 20, 2011, and the Notice of Cross-Appeal of the State of Ohio, filed November 2, 2011, with leave of this Court. The parties appeal from the trial court's October 13, 2011 Judgment Entry of Conviction sentencing Drake to community control sanctions, for a period not to exceed five years, based upon his conviction of identity fraud (< $500.00), in violation of R.C. 2913.49(B)(1), a felony of the fifth degree, following a bench trial on stipulated facts.

{¶ 2}     Drake was initially charged by way of Complaint in Dayton Municipal Court with one count of identity fraud, and the matter was then bound over to the common pleas court. On April 1, 2011, Drake was indicted on one count of identity fraud, one count of tampering with government records, in violation of R.C. 2913.42(A)(1), a felony of the third degree, and one count of forgery, in violation of R.C. 2913.31(A)(1), a felony of the fifth degree. On April 7, 2011, Drake pled not guilty and filed a motion to suppress, which the court overruled after a hearing.

{¶ 3}     The parties' joint stipulation of facts is as follows:

1.    Dayton Police Officer Dustin Glass (hereinafter "Officer Glass") and Dayton Police Officer Dustin Phillips (hereinafter "Officer Phillips") executed a traffic stop on a blue Buick Cutlass on December 14, 2010 around 7:50 PM.

2.    The traffic violation occurred in the vicinity of 2801 Philadelphia Drive, Dayton, Montgomery County, Ohio.

3.    The traffic stop was because the vehicle had a taillight broken.

4.    There was only one occupant of the vehicle (the driver) who

identified himself as Donzell Drake.

5. The driver also provided a birth date of July 19, 1991 and social security number which did not match the identifying information for Donzell Drake.

6. The driver provided sufficient information which caused the officers to believe that he was Donzell Drake.

7. The driver was given a citation in the name of Donzell Drake for the broken taillight and failure to display license.

8. The driver of the vehicle also signed the name Donzell Drake on the traffic citation.

9. Officer Glass and Officer Davis discovered the driver of the vehicle was Timothy Amazing Drake, the Defendant in the present case.

10. Donzell Drake did not give Timothy Amazing Drake (hereinafter "the Defendant") permission to use his name or identifying information.

11. Dayton Police Detective William Breisch (hereinafter "Detective Breisch") interviewed the Defendant on March 8, 2011.

12. The Defendant was advised of his *Miranda* rights and agreed to speak with Detective Breisch.

13. The Defendant admitted he provided Donzell Drake's name and date of birth[1] to the officers who conducted the traffic stop on December 14,

---

[1]We note the purported admission to use of Donzell Drake's date of birth is in direct conflict with the stipulation set forth in stipulation number 5.

2010 because he did not want to go to jail or get another ticket. * * *

14.   The Defendant was shown a copy of traffic citation #1819319 dated December 14, 2010. * * *

15.   After being shown citation # 1819319, the Defendant admitted to receiving that citation on December 14, 2010.  He also admitted to making the signature in the name Donzell Drake on the citation when he received it.

16.   The Defendant admitted he did not have permission to use Donzell Drake's name, date of birth, or other identifying information.

{¶ 4}     Both parties also filed bench briefs.    Drake asserted in his brief that R.C. 4513.361, which prohibits furnishing false information to an officer issuing a traffic ticket, is more specific than the statutes pursuant to which he was charged and accordingly must control.  A violation of R.C. 4513.361 is a misdemeanor of the first degree, and Drake asserted that the indicted charges and R.C. 4513.361 provide different penalties for the same conduct, and that accordingly, R.C. 2913.49, 2913.31 and 2913.42 each cannot be construed so as to also give effect to R.C. 4513.361.  Drake further asserted that to convict him of a felony is excessive and grossly disproportionate to the offense.

{¶ 5}     Regarding identity fraud, the State asserted in its brief  that R.C. 2913.49 and R.C. 4513.361 are irreconcilable, and that legislative intent demonstrates that the general statute should prevail over the more specific R.C. 4513.361.  Regarding tampering with records, the State asserted that signing the traffic citation and orally providing the officer a false name are clearly two separate actions, each with a distinct animus, and that R.C. 2913.42 and R.C. 4513.361 are not irreconcilable.  Regarding forgery, the State asserted

that R.C. 2913.31 and R.C. 4513.361 are not irreconcilable, again since Drake orally provided a false name and also signed the citation using the name Donzell Drake. The State further asserted that the court could find Drake guilty of both tampering with records and forgery, but only sentence him for one offense, since they are allied offenses of similar import. Attached to the State's brief is a copy of the citation issued to Drake, as well as his written statement.

{¶ 6} On September 14, 2011, the trial court issued a Decision finding Drake guilty of identity fraud and not guilty of forgery and tampering with government records. The court initially noted that the Ohio Revised Code "dictates that its sections 'defining offenses or penalties, shall be strictly construed against the State, and liberally construed in favor of the accused.' R.C. 2901.04." The court further cited R.C. 1.51, which provides as follows:

If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

{¶ 7} Regarding the charge of tampering with records, the court determined that R.C. 4513.361 "accurately describes [Drake's] conduct and provides for a sentence commensurate with the crime." In reliance upon *State v. Volpe*, 38 Ohio St.3d 191, 527 N.E.2d 818 (1988), the trial court held that "the specific statute prevails over the general in

this case." The court also adopted the rationale in *State v. Adkins*, Montgomery C.P. No. 2010 CR 00075 (Aug. 10, 2010), in which the trial court found the defendant not guilty of tampering with government records under similar facts, determining that R.C. 4513.361 prevails over R.C. 2913.42. In *Adkins,* the trial court concluded that Jennifer Adkins' conduct in signing her traffic citation in the name of Bobbi Adkins and providing Bobbi's date of birth did not "rise to the level of tampering," based upon the definition of tampering in Ballentine's Law Dictionary.

{¶ 8} As to the charge of forgery, the trial court noted that it "carefully considered the stipulation of facts in regards to this charge, as well as the arguments of counsel. The Court is not firmly convinced of the truth of the charge of [f]orgery and, therefore, finds that the State has failed to meet its burden of proof beyond a reasonable doubt and, therefore, the Court finds [Drake] not guilty of the charge [f]orgery."

{¶ 9} As to the charge of identity fraud, the court found that Drake's actions "resulted in commission of two separate offenses." The Court found beyond a reasonable doubt that Drake obtained and used the personal identifying information of Donzell Drake without his consent and "with the intent to represent Donzell Drake's identifying information as his own personal identifying information."

{¶ 10} The court concluded as follows:

In reaching its decision, the Court finds that the Defendant did commit two separate offenses by one animus. The Identity Fraud statute does not limit its application regarding representations made to persons other than law enforcement officers. However, this was not a mere

misrepresentation to a police officer; it was providing personal identifiers of a real individual and holding out by the Defendant of being that other person. The mere fact of providing false information (real or imaginary) to a police officer is a violation under R.C. 4513.361, but a separate act was committed when the Defendant used the name and personal identifiers of another during the traffic stop. The Court draws an analogy that the police officer, (or society in general), is one victim of a crime and Donzell Drake is a separate and distinct victim of a crime. The Court has examined the Defendant's conduct to determine whether the offenses are allied as was the previous guidance from the Ohio Supreme Court. *State v. Johnson* (2010), 128 Ohio St.3d 153, 2010 Ohio 6314. Focus is distinctly placed on whether the offenses are committed separately or with a separate animus. Id. The Court finds that there were separate and independent mens rea: first to mislead a police officer and second to take the identification of another. This Court finds that the statutes are not irreconcilable and, therefore, the State could proceed on one or both of the charges based upon the stipulation of facts in this particular case.

{¶ 11} Drake's first assigned error is as follows:

"THE TRIAL COURT ERRORED IN FINDING MR. DRAKE GUILTY OF IDENTITY FRAUD WHERE A SPECIFIC STATUTE, R.C. 4513.361, ACCURATELY DESCRIBED THE DEFENDANT'S CONDUCT."

{¶ 12} R.C. 4513.361 provides: "No person shall knowingly present, display, or

orally communicate a false name, social security number, or date of birth to a law enforcement officer who is in the process of issuing to the person a traffic ticket or complaint." R.C. 2913.49(B)(1) provides: "No person, without the express or implied consent of the other person, shall use, obtain, or possess any personal identifying information of another person with intent to do either of the following: (1) Hold the person out to be the other person." "Personal identifying information" includes "the name * * * of a living * * * individual." R.C. 2913.49(A).

{¶ 13} In *Volpe,* upon which the trial court relied, the Supreme Court of Ohio held that, where "there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence." Id., at syllabus. The defendants therein were charged with gambling, in violation of R.C. 2915.02, a misdemeanor of the first degree, and possession of criminal tools, in violation of R.C. 2923.24, a felony of the fourth degree. *Id.*, at 192. R.C. 2915.02 proscribes possession of gambling devices, while R.C. 2923.24 proscribes possession of criminal tools. Relying upon R.C. 1.51, the Supreme Court determined that the statutes were irreconcilable. *Id*., at 193. The court reasoned that, "since R.C. 2915.02 and 2923.24 provide for different penalties for the same conduct, they cannot be construed to give effect to both." *Id*. Further, since both statutes were enacted on the same date, the Court determined that, "under R.C. 1.51, the general law, R.C. 2923.24, does not prevail as being the 'later adoption.'" *Id.*, at 194. Finally, the Court concluded that "the fact that the General Assembly enacted R.C. 2915.02(A)(5) to reach possession and control of gambling devices indicates that it did not intend for R.C. 2923.24 to reach possession and control of such devices." *Id.*

{¶ 14}  Unlike the statues at issue in *Volpe*, we conclude that R.C. 4513.361 and R.C. 2913.49 do not provide different penalties for the same conduct, and they can accordingly be construed to give effect to both statutes.  In other words, the statues are not irreconcilable, and analysis pursuant to R.C. 1.51 is not required.  As properly distinguished by the trial court, R.C. 4513.361 prohibits providing false information to a law enforcement officer who is in the process of issuing a traffic ticket, and R.C. 2913.49 prohibits the use of the personal identifying information of another person with the intent to hold oneself out to be the other person.  Drake did not merely provide false information to the officer, which victimized the police by misleading them, he additionally held himself out to be Donzell Drake by providing Donzell's personal identifying information, his name, as his own, thereby also victimizing Donzell.  Furthermore, signing the ticket was a separate act. Drake was accordingly properly charged with  identity fraud, and Drake's first assigned error is overruled.

{¶ 15}  Drake's second assigned error is as follows:

"THE VERDICT AGAINST MR. DRAKE, FINDING HIM GUILTY OF IDENTITY FRAUD, WAS NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE."

{¶ 16}  As the Supreme Court has previously noted:

"In reviewing a claim of insufficient evidence, '[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'  *State v. Jenks*, 61 Ohio

St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following

*Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; see,

also, *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541."

*State v. McKnight*, 107 Ohio St.3d 101, 112, 2005-Ohio-6046, 837 N.E.2d

315, ¶ 70.

**{¶ 17}** Drake directs our attention to the fifth joint stipulation of fact, which states

that he "provided a birth date of July 19, 1991 and a social security number which did not

match the identifying information for Donzell Drake," and he asserts that there is nothing to

demonstrate that he used "any correct personal identifying information of Donzell Drake."

**{¶ 18}** R.C. 2913.49 (B)(1) prohibits the use of "*any* personal identifying

information of another person," which includes the name of a living individual, and Drake

identified himself as Donzell Drake, he signed Donzell's Drake's name on the citation, and

he "caused the officers to believe that he was Donzell Drake." Drake further stipulated that

Donzell Drake did not give him permission to use his name. We conclude that the

stipulation of facts satisfies the elements of identity fraud.

**{¶ 19}** After reviewing the evidence in a light most favorable to the prosecution, we

conclude that any rational trier of fact could have found the essential elements of identity

fraud proven beyond a reasonable doubt. Drake's second assigned error is overruled.

**{¶ 20}** Drake's third assigned error is as follows:

"THE VERDICT AGAINST MR. DRAKE, FINDING HIM GUILTY OF

IDENTITY FRAUD, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶ 21}** Our standard of review for this assigned error is as follows:

The appellate court, in determining whether a conviction was against the manifest weight of the evidence, must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. *State v. Hancock*, 108 Ohio St.3d 57, 840 N.E.2d 1032, 2006-Ohio-160, ¶ 39. The question is whether the trial court, in resolving conflicts in the evidence, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." [*State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.] When considering whether a judgment is against the manifest weight of the evidence in a bench trial, an appellate court will not reverse the conviction where the trial court could reasonably conclude from substantial evidence that the state has proven the offense beyond a reasonable doubt. *State v. Eskridge* (1988), 38 Ohio St.3d 56, 59, 526 N.E.2d 304. * * *. *State v. Eckert*, 12th Dist. Clermont No. CA2008-10-099, 2009-Ohio-3312, ¶ 16.

**{¶ 22}** As discussed above, the joint stipulation provided substantial evidence to prove Drake's conviction beyond a reasonable doubt, namely that he used Donzell Drake's personal identifying information, specifically his name, to hold himself out to be Donzell, without Donzell's permission, and Drake's third assigned error is overruled.

**{¶ 23}** We will now address the State's cross-appeal. We note that Drake did not file a brief in response to the State's cross-appeal. The State asserts one assignment of error as follows:

THE TRIAL COURT ERRED [IN] ITS LEGAL INTERPRETATION

OF R.C. 2901.04(a) (RULES OF CONSTRUCTION), AND R.C. 1.51 (SPECIAL OR LOCAL PROVISION PREVAILS OVER GENERAL), WITHIN THE CONTEXT OF THE OFFENSES OF R.C. 4513.361 (PRESENTING FALSE NAME OR INFORMATION TO LAW ENFORCEMENT OFFICER), AND R.C. 2913.42(A) TAMPERING WITH RECORDS (GOVERNMENT RECORDS) AND RESULTING CONCLUSION THAT THE SPECIFIC STATUTE OR PRESENTING FALSE NAME OR INFORMATION TO LAW ENFORCEMENT OFFICER PREVAILS OVER THE GENERAL STATUTE OF TAMPERING WITH RECORDS (GOVERNMENT RECORDS).

**{¶ 24}** According to the State, "essentially, the trial court held that under R.C. 1.51, the conflict between the offense of presenting false name or information to law enforcement officers under R.C. 4513.361(A) and tampering with records (government records) under R.C. 2912.42(A)(1) is irreconcilable," and the State argues that the statutes are not irreconcilable. The State further directs our attention to *State v. Sufronko*, 105 Ohio App.3d 504, 664 N.E.2d 596 (4th Dist. 1995), and it asserts that the trial court's decision regarding forgery was "flawed."[2]

**{¶ 25}** R.C. 2913.42(A)(1) provides, "(A) No person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall do any of the following: (1) Falsify, destroy, remove, conceal, alter, deface, or

---

[2]The State was not granted leave to address the acquittal on forgery, pursuant to R.C. 2945.67, and we shall not address this argument.

mutilate any writing, computer software, data, or record." R.C. 2913.42(B)(4) provides, "If the writing, data, computer software, or record is kept by or belongs to a local, state, or federal governmental entity," tampering with government records is a felony of the third degree.

{¶ 26} Under *Volpe*, we conclude that R.C. 2913.42 and R.C. 4513.361 are reconcilable. R.C. 2913.42(A)(1) prohibits falsifying any writing, and R.C. 4513.361 prohibits presenting or displaying a false name. By signing Donzell's name, Drake's conduct did not constitute an act of presentment or display of a false name to the officers as contemplated by the statute. We further agree with the trial court's rationale in *Adkins* regarding the nature of a violation of R.C. 2913.42, and we are unwilling to define Drake's conduct in signing Donzell's name on the ticket as "tampering." "Tamper" is defined as follows: "To meddle so as to alter a thing, especially to make illegal, corrupting or perverting changes; as, to tamper with a document or a text, to interfere improperly, to meddle; to busy oneself rashly; to try trifling or foolish experiments * * * To illegally change the mileage reading on an odometer of a motor vehicle, or a motor vehicle identification number * * * ." *Black's Law Dictionary* 1456 (6th Ed. 1990). We cannot conclude that in signing the ticket, Drake altered or made corrupting changes to the document itself sufficient to conclude that Drake falsified a writing or record.

{¶ 27} Accordingly, the judgment of conviction for identity fraud is affirmed and the State's cross-appeal is without merit.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Michele D. Phipps
Antony A. Abboud
Hon. Dennis J. Adkins