[Cite as *State v. Miller*, 2012-Ohio-5280.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 11CA3295 |
| vs. | : | |
| MONTE MILLER, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     James T. Boulger, 2 West Fourth Street, Chillicothe, Ohio
                          45601

COUNSEL FOR APPELLEE:     Matthew S. Schmidt, Ross County Prosecuting Attorney,
                          and Jeffrey C. Marks, Ross County Assistant Prosecuting
                          Attorney, 72 North Paint Street, Chillicothe, Ohio 45601
_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 11-7-12
ABELE, P.J.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court judgment of

conviction and sentence.   A jury found Monte Miller, defendant below and appellant herein,

guilty of the cultivation of marijuana in violation of R.C. 2925.04, as well as the possession of

marijuana in violation of R.C. 2925.11.

{¶ 2}   Appellant assigns the following error for review:

> "THE TRIAL COURT ERRED IN PERMITTING THE STATE
> TO ELECT TO PROCEED TO SENTENCING ON A FIFTH
> DEGREE FELONY UNDER THE GENERAL PROVISION, R.C.

2925.11, WHEN THE TRIER OF FACT HAD FOUND THAT A SPECIAL PROVISION, 2925.04(F) R.C., APPLIED TO THE FACTS OF THIS CASE, THUS LIMITING THE DEGREE OF OFFENSE FOR CULTIVATION OF MARIJUANA TO A FOURTH DEGREE MISDEMEANOR.   THE ELECTION WAS IN VIOLATION OF R.C. 1.51."

{¶ 3}   On August 6, 2010, the Ross County Grand Jury returned an indictment that charged appellant with both the illegal cultivation of marihuana and the possession of the drug. The jury (1) found him guilty on both charges, and (2) found, by a preponderance of the evidence, that appellant had established the affirmative defense of personal use of marijuana pursuant to R.C. 2925.04(F).[1]

{¶ 4}   At sentencing the trial court declared the crimes of similar import.   The prosecution elected to proceed on the possession count, a fifth degree felony, rather than the cultivation count, a fourth degree misdemeanor, due to the aforementioned personal use affirmative defense.   The trial court then sentenced appellant, inter alia, to serve two years of community control.   This appeal followed.

{¶ 5}   Appellant asserts in his assignment of error that the trial court should have sentenced him on the fourth degree misdemeanor cultivation charge because that charge is more specific and should take precedence over the general charge of possession.   Appellant cites R.C. 1.51 to support his argument.

{¶ 6}   R.C. 1.51 provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the

---

[1] The jury verdict is not a part of the original papers included in the record on appeal.     We take this information from one of the trial court's journal entries.

provisions is <u>irreconcilable</u>, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." (Emphasis added.)

**{¶ 7}** To determine whether R.C. 1.51 applies in the instant case, we must first ascertain whether the two statutes are in irreconcilable conflict. See *State v. Barcus*, 133 Ohio App.3d 409, 417, 728 N.E.2d 420 (4th Dist. 1999); *State v. Sufronko* , 105 Ohio App.3d 504, 506, 664 N.E.2d 596 (4th Dist. 1995). A conflict exists only when the same conduct is punishable by different penalties contained in different statutes. *Barcus*, supra at 417; also see *State v. Volpe*, 38 Ohio St.3d 191, 193, 527 N.E.2d 818 (1988). Although appellant makes a strong argument, in the end we are not persuaded that an irreconcilable conflict exists between the two statutes because we do not believe that they punish the same conduct.

**{¶ 8}** R.C. 2925.11(A) prohibits the possession of a controlled substance. To possess something means "having control over a thing or substance." R.C. 2925.01(K). Possession "may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Id. R.C. 2925.04(A) prohibits the cultivation of marijuana. To cultivate means to plant, water, fertilize or till. R.C. 2925.01(F). Although these crimes may be allied offenses, depending on the circumstances as the trial court so found, they do address different conduct. One can possess marijuana without having grown it himself. Someone can also be involved in cultivating marijuana without having control over it. A person growing marijuana in a National Forest, or even helping a friend grow it in the basement of the friend's home, are examples of this. Inasmuch as these two statutes punish different conduct, we find no irreconcilable differences between them. Thus, no need exists to proceed further under R.C. 1.51 to consider if one statute is more general and one is

more particular.

**{¶ 9}** Appellant also argues that this view "place[s] in the hands of the prosecution the unilateral power to void the operation of R.C. 2925.04(F) by the mere expediency of filing a . . . possession charge under R.C. 2925.11 in every case of . . . cultivation." As we note above, however, in some situations someone may help to cultivate marijuana, but does not have it in his possession.

**{¶ 10}** Nevertheless, in cases like the one sub judice, we realize that the prosecution has it within its power to arguably circumvent the affirmative defense. Indeed, in *State v. Tipton*, 10th Dist. No. 09AP-743, 2010-Ohio-628, the defendant (as in this case) was charged with both the cultivation of marijuana and the possession of marijuana. When the defendant expressed his intention to use the R.C. 2925.04(F) affirmative defense, the prosecution dismissed the cultivation count and pursued only the possession count, thus depriving the defendant of the use of that defense. Tipton argued on appeal that he should be allowed to use the personal defense from the cultivation statute in a prosecution for the possession statute because, otherwise, it would defeat the legislature's intent in enacting that defense.

**{¶ 11}** Although the Court conceded that the wording of the two statutes "may appear to create an unusual result under the circumstances of this case" Id. at ¶14, the court also felt constrained to apply the statutes as written and opined that "any remedy to this result must necessarily come from the General Assembly by way of an amendment to R.C. 2925.11 making that section's personal use affirmative defense applicable to charges of possessing marijuana." Id.

**{¶ 12}** We agree with appellant's reasoning that in cases such as this (or *Tipton)*, charges of both possession and cultivation may be pursued in such a way as to circumvent the use of the

R.C. 2925.04(F) affirmative defense. That, however, is an issue for the General Assembly to address, not the judiciary. Courts should not read conflict into statutes when it does not exist simply because, in some circumstances, they lead to, in the words of the Franklin County Court of Appeals, an "unusual result." See, also, *State v. Owens*, 6th Dist. No. H-93-025, (Apr. 29, 1994).

{¶ 13} Accordingly, for these reasons, we find no error in appellant's sentencing under the R.C. 2925.11 and we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY: _____

Peter B. Abele
Presiding Judge

### NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.